**Rodney BULLOCK, Plaintiff,**

v.

**HUMANA HEALTH CARE PLANS, INC., et al., Defendants.**

**No. 97 C 5837.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 10, 1997.

Michelle M. Klute of Law Offices of Stuart J. Bobrow & Associates, P.C., Chicago, IL, for Plaintiff.

Bruce R. Alper and Thomas W. Snyder of Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Humana Health Plan, Inc. ("Humana")[1] has filed its Notice of Removal ("Notice") to bring this action, which had originally been filed in the Circuit Court of Cook County by Rodney Bullock ("Bullock") against both Humana and Travelers Insurance Company ("Travelers"), to this District Court. Humana's removal is predicated on the fact that one of Bullock's claims against it (Count II) is advanced under the Americans with Dis-

abilities Act and hence implicates a federal question. This action has just been reassigned to this Court's calendar in consequence of a 28 U.S.C. § 294(b)[2] recusal by its colleague Honorable John Grady, and this Court hastens to issue this sua sponte opinion to direct both sides' counsel to speak to the defect in removal procedure identified here.

In the opening paragraph of the Notice, Humana identifies the removal as having been undertaken pursuant to Sections 1441 and 1446. That is of course accurate, but it should be made plain at the outset that removal is authorized under Section 1441(a) and (b), but *not* under Section 1441(c). All of Bullock's stated claims stem from the same set of circumstances (what the seminal decision in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) described as "a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions").

That being true, the uniform rule that *all* defendants must join in or consent in writing to removal clearly applies here (*Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994)). Indeed, *Roe, id.*—in the course of rejecting a claim by American National Red Cross that its independent basis for invoking federal-question jurisdiction should exempt it from complying with the ordinary removal rules in that respect—also signals that in all likelihood Travelers' joinder in or written consent to Humana's removal was essential in all events.[3]

Humana's brief Notice is totally silent as to Travelers' status in this action, so that this Court has no idea whether Travelers had or had not already received a copy of the Complaint as of the August 18, 1997 date of filing of the Notice. But Bullock's Complaint had been filed in the Circuit Court fully 3–1/2 weeks before that date (on July 25), and

---

1. Although Humana has been referred to as "Humana Health Care Plans, Inc." in the Complaint, its own counsel presumably knows the correct corporate name better than plaintiff's counsel. This opinion accordingly conforms to Humana's version.

2. All further references to Title 28's provisions will simply take the form "Section—."

3. This Court has regularly applied that same principle—and in that regard, also see, e.g., the brief but pointed discussion in *Gibson v. Inhabitants of Town of Brunswick,* 899 F.Supp. 720 (D.Me.1995).

Travelers is scarcely in the category of a defendant that is difficult to locate and to serve with process—so it would seem that there is a strong likelihood that Humana's Notice was defective for the nonjurisdictional reason[4] that Travelers was a nonparticipant in the removal.

 Under such circumstances involving a nonjurisdictional flaw, this Court does not of course issue a sua sponte remand order (see *In re Continental Cas. Co.*, 29 F.3d 292, 294–95 (7th Cir.1994))—not the least of the reasons for such inaction being the fact that it is of course possible that Bullock, despite his choice of a state court forum, may be prepared to waive the defect. But in accordance with the procedure approved in *Continental Cas.*, *id.* at 295, the parties are ordered to file the following responses in this Court's chambers on or before September 17, 1997:

1. on behalf of Bullock, either a motion to remand this action (if indeed Travelers had been provided with a copy of the Complaint on or before August 18) or a statement that any such nonjurisdictional defect in the removal process has been waived;[5] and

2. on behalf of Humana, an explanation (if there is any) as to its failure to have joined, or to have obtained the written consent of, Travelers in conjunction with its filing of the Notice.

This Court will then deal with the issue of remand or retention of this action on the basis of the parties' submissions.[6]

---

4. See *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995) and cases cited there, including *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 713 (7th Cir.1992).

5. This Court has selected the September 17 date deliberately, because Section 1447(c) requires that any remand motion based on a nonjurisdictional flaw must be made within 30 days after the filing of the notice of removal.

6. Although there may be some courts that hold a different view, this Court considers that the defect identified here (if it exists) cannot be cured *after* expiration of the 30-day post-removal period, so long as plaintiff has interposed a timely objection under Section 1447(c). That follows from the Section 1446(b) requirement that a notice of removal must have been filed within its own 30-day time frame, a period that has presumably elapsed.