Rodney BULLOCK, Plaintiff,

v.

HUMANA HEALTH CARE PLANS, INC., et al., Defendants.

No. 97 C 5837.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 24, 1997.

*MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

On September 10, 1997 this Court issued its memorandum opinion and order, 988 F.Supp. 1123 ("Opinion"), addressing what appeared to be the defective removal of this action from the Circuit Court of Cook County to this District Court. After explaining that possible defect, Opinion at 1125 ordered counsel for sole removing defendant Humana Health Plan, Inc. ("Humana") and counsel for plaintiff Rodney Bullock ("Bullock") to submit certain filings in this Court's chambers on or before September 17, 1997.

Those further submissions have not yet been forthcoming, but on September 15 codefendant Travelers Insurance Company ("Travelers")—which had not joined in or consented to the original Notice of Removal by Humana—filed a document captioned "Consent to Removal." But that filing, which states only that Travelers' "counsel were not retained until September 8, 1997 and did not inform counsel for Humana of their retention until September 12, 1997," is entirely silent as to the only fact that is *relevant* for purposes of dealing with the issue identified in the Opinion: on what date

---

Travelers first received a copy of Bullock's Complaint.

Accordingly, Travelers' counsel are ordered to file a supplement to its purported Consent to Removal (a consent that may or may not be legally effective, depending on that last-mentioned date and the date on which Humana first received a copy of the Complaint) that identifies the date of Travelers' first receipt of Bullock's pleading. Like the other submissions that are called for in the Opinion, that supplement must also be filed in this Court's chambers on or before September 17.