In the Matter of CONTINENTAL CASUALTY COMPANY, Petitioner.

No. 94–2082.

United States Court of Appeals, Seventh Circuit.

Submitted June 16, 1994.

Decided July 11, 1994.

Edward A. Hannan, Michael Aldana, Godfrey, Braun & Hayes, Milwaukee, WI, for petitioner.

Andrew H. Morgan, Milwaukee, WI, for respondent.

Before CUMMINGS, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

May a district court remand a case on its own motion for a defect in removal procedure? Are we even entitled to ask this question? A petition for mandamus presents these subjects for decision.

Leonard E. Sturzl filed suit in a Wisconsin court on September 22, 1993. Defendant Continental Casualty Company is not a Wisconsin insurer and is required by state law to designate the state's Commissioner of Insurance as its agent for service of process. On October 1, 1993, Sturzl served the Commissioner with the summons and complaint. On October 4 the Commissioner mailed these documents to Continental, which on November 3 removed the action to federal court, asserting federal-question jurisdiction. (The parties also appear to be of diverse citizenship, but the notice of removal did not invoke this fount of jurisdiction.) On November 12 the district judge remanded the case to state court. The judge's explanation for this ac-

tion, which took both parties by surprise, was that the removal was untimely under 28 U.S.C. § 1446(b), which affords a defendant 30 days after "receipt" of the complaint to remove. The district judge believed that the 30 days began when the Commissioner of Insurance received the complaint. The judge did not cite any authority for this conclusion.

Continental immediately filed a motion for reconsideration, pointing out that numerous cases have held that the time begins from receipt by an employee of the defendant rather than receipt by a state official serving as a compulsory "agent." E.g., *Skidaway Associates, Ltd. v. Glens Falls Insurance Co.*, 738 F.Supp. 980 (D.S.C.1990); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3732 at 515 (2d ed. 1985) (collecting other cases). Sturzl informed the judge that he had no objection to litigating in federal court and therefore did not oppose Continental's motion. The district judge denied this motion, explaining that the clerk had mailed to the state court a certified copy of the order of remand, divesting the federal court of any power to alter its decision. The upshot is that the case is back in state court even though federal jurisdiction apparently exists and both parties want to be in federal court. Continental has filed a petition for a writ of mandamus. Consistent with his position in the district court, Sturzl has informed us that he does not oppose the petition.

The first question is whether we are entitled to consider the petition in light of 28 U.S.C. § 1447(d), which provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Continental did not remove under § 1443, so a literal reading of § 1447(d) leads to the conclusion that we lack power to act.

As we have explained in several recent cases, however, *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), and *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), preclude literal implementation of § 1447(d). See *In re Shell Oil Co.*, 966 F.2d 1130, mandamus issued, 970 F.2d 355 (7th Cir.1992); *In re Amoco Petroleum Additives Co.*, 964 F.2d 706 (7th Cir. 1992); *Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223 (7th Cir.1991); *J.O. v. Alton Community Unit School District 11*, 909 F.2d 267, 269–71 (7th Cir.1990); *Rothner v. Chicago*, 879 F.2d 1402 (7th Cir.1989). *Thermtron* and *Carnegie–Mellon* create three categories of remands, with different consequences for review:

(1) remands on grounds listed in § 1447(c) and beyond the power of appellate review; (2) remands on grounds not listed in § 1447(c) but nonetheless sometimes proper, and reviewable to decide whether this is one of those times; (3) remands not authorized by § 1447(c) or anything else, and subject to automatic mandamus.

*Amoco Petroleum Additives*, 964 F.2d at 708. Several of our cases illustrate the difficulty of putting remands into these pigeonholes; today's adds to the list.

 Section 1447(c) reads:

A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk of the court to the clerk of the State court. The State court shall thereupon proceed with the case.

Section 1447(c) thus sets up two categories of reasons for remand: a "defect in the removal procedure" and the absence of subject matter jurisdiction. An order of remand based on either of these grounds is beyond all power of appellate review, whether or not the order is erroneous. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52

L.Ed.2d 1 (1977). Section 1446 establishes procedures for removal, and a "defect in the removal procedure" means failure to comply with § 1446. The district court believed that Continental failed to comply with § 1446(b), so it looks like the case has been remanded "on the basis of [a] defect in the removal procedure" and therefore is beyond review, whether or not the district court correctly understood § 1446(b).

The potential difficulty with this understanding of matters is that the first sentence of § 1447(c) speaks of a "motion to remand". Does this imply that a motion within 30 days is *essential* for a remand on account of a defect in removal procedure? If the answer is yes, then the district court's remand falls outside the authority of § 1447(c), and appellate review is possible. If lack of a motion not only kicks the remand outside of § 1447(c) but also makes the remand unauthorized, then the case falls into category (3), and the litigant who removed the case is entitled to a writ of mandamus. Yet the question whether a remand under the first sentence of § 1447(c) requires a motion looks exactly like "the merits"—which we know from § 1447(d) we are not supposed to review! To determine *whether* we have the power to review the remand, we have to inquire into the very issue we are forbidden to address *unless* we have the power to review the remand. Reasonable people might wonder whether this conundrum does not expose some difficulty in *Thermtron* and *Carnegie–Mellon*, but our part is to apply these cases as best we can.

■ One way out of the box is to say that if a motion for remand is essential to action under the first sentence of § 1447(c), then the lack of a motion deprives a district judge of *power* to return a case to state court. *Thermtron* permits us to decide whether a district court has the power to do what it did, although we cannot examine whether a particular exercise of power was proper. Although this distinction seems metaphysical, it has persuaded one court of appeals. *In re Allstate Insurance Co.*, 8 F.3d 219 (5th Cir. 1993). *Allstate* holds that § 1447(d) does not prevent a court of appeals from deciding whether a motion is essential to a remand under the first sentence of § 1447(c). Concluding that a motion is indeed essential, the fifth circuit issued a writ of mandamus. Judge Higginbotham dissented in *Allstate*, not because he disagreed with this conclusion but because he thought that the remand in that case had been based on the second sentence of § 1447(c). We hesitate to create a conflict among the circuits on a jurisdictional subject, especially one that cannot be said to have a clearly right answer, so we follow *Allstate* in saying that *Thermtron* permits us to inquire whether a motion is essential to a remand under the first sentence of § 1447(c).

■ Is a motion essential? *Allstate* answered "yes" on the ground that the statutory provision of one method excluded others. *Expressio unius est exclusio alterius*. We are skeptical of this maxim, for the omission of other items from a list may reflect no more than a belief that other options are provided for elsewhere. Judges do many things on their own motion, and Congress may have left the extent of these powers alone. One can turn the question around and ask: What in § 1447(c) *prevents* a remand *sua sponte*? *Carnegie–Mellon* holds that the list in § 1447(c) is not exclusive. If district judges may remand cases for reasons that do not appear in § 1447(c) at all, it is hard to treat the omission of a particular method from that subsection as dispositive.

Nonetheless, we agree with the result in *Allstate* even though we do not embrace all of that opinion's reasoning. Ever since *Ayers v. Watson*, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Fed.R.Civ.P. 12(h)(1). Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum. Although one could reply

that, if the plaintiff has changed his mind and now prefers federal court, he may dismiss the state case (after remand) and file a new federal case, that option may be foreclosed by the statute of limitations or other obstacles. Remand followed by dismissal and refiling also wastes everyone's time even when the sequence is possible. Instead of trying to resolve procedural questions on its own, only to find out that the answer does not matter, the district judge should wait for the parties to reveal whether they want to continue in federal court.

One may arrive at the same conclusion by a slightly different route. Three courts of appeals have held, correctly we believe, that after the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems. *Maniar v. FDIC,* 979 F.2d 782, 785–86 (9th Cir.1992); *FDIC v. Loyd,* 955 F.2d 316 (5th Cir.1992); *Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3d Cir.1989). The 30–day limit serves a function similar to § 1447(d)—it prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where litigation shall proceed. Procedural issues must be resolved quickly or not at all, and once the 30 days have passed the parties may conduct the litigation without risk of a sudden change of forum (unless it turns out that the federal court lacks jurisdiction). *Sua sponte* remands before the 30 days are up do not upset the parties' expectations or require redoing things in multiple forums, but they pose dangers of their own. By acting without any motion, district judges increase the risk of error—both legal error and error in understanding the parties' desires. Ours is an adversarial system, and courts rely on lawyers to identify the pertinent facts and law. In this case the district judge stated the facts correctly but apparently was unaware of cases that had discussed the issue and reached conclusions at odds with his own. Perhaps these other cases are incorrect; we have no views on the subject. Cf. *Peterson v. Sealed Air Corp.,* 902 F.2d 1232 (7th Cir.1990). But the district court should have solicited the parties' submissions before acting, to avoid what has happened in this case—extended disputation, potentially leading to another change of forum. If the district judge should entertain the parties' views before remanding a case, then he also ought to wait for a motion, because, as we have stressed, the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum.

District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service. We commend the district judge for his care and alertness in spotting the potential problem. But because not all potential problems are fatal, the court should alert the parties before dismissing or remanding the cases. Litigants may have sufficient answers to the court's concerns, as Continental believes that it has a legal reply to the district court's understanding of § 1446(b). Or litigants may elect to surrender their entitlement to insist on procedural perfection, as Sturzl was willing to do here. Quick notice is a boon; quick action without inviting the parties' submissions may illustrate the adage that haste makes waste. The remand in this case has stopped this litigation dead in its tracks. It should now get back under way, and in federal court. The petition is granted, and a writ of mandamus will issue directing the district court to recall its remand and reinstate the case on its docket.