**COMM-EXEC INVESTIGATIONS, INC., Plaintiff,**

**v.**

**CUTRONA INSURANCE AGENCY, INC., et al., Defendants.**

No. 97 C 6586.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 19, 1997.

David L. LaPorte, Querrey & Harrow, Ltd., Chicago, IL, for Plaintiff.

Mary E. Drake, Hugh D. Howard, Sachs & Drake, Morton Grove, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On September 18, 1997 Cutrona Insurance Agency, Inc. ("Cutrona") and Roger Kennell ("Kennell") filed what they label a "Petition for Removal of Civil Action"[1] to bring this action from its original forum, the Circuit Court of Cook County, to this District Court. Because federal subject matter jurisdiction is lacking over this lawsuit, this Court obeys the mandate of Section 1447(c) and sua sponte remands the action to the state court of origin.

It should be made plain at the outset that, with a limited exception, there are no procedural defects in the removal—that is, no defects of the type that must be raised by a plaintiff's timely motion to remand under the first sentence of Section 1447(c), and that hence may not be addressed by the district court in the absence of such a motion (see *In re Continental Cas. Co.*, 29 F.3d 292, 294–95 (7th Cir.1994)). Although this action has been pending in the state court for over six months, it has been less than 30 days since plaintiff Comm–Exec Investigations, Inc. ("Comm–Exec") filed its Amended Complaint ("AC") on which Cutrona and Kennell rely for removal. Hence if Cutrona and Kennell were right in their basic jurisdictional premise, the current removal would be timely under the second paragraph of Section 1446(b). And as the almost final ingredient that is required in procedural terms, both

---

1. It has been nearly a decade since the removal statutes, 28 U.S.C. §§ 1446 and 1447, were amended in 1988 to change the old "petition for removal" designation to "notice of removal." In accordance with the correct designation, the Cutrona–Kennell filing will be referred to here as "Notice." All further references to statutory re-

defendants have joined in the Notice.[2]

That likely procedural sufficiency is not enough, however, for the removal is fatally defective in jurisdictional terms (cognizable at any time) because of the absence of a federal question.[3] As Notice ¶ 3 recognizes, the AC by its terms advances only state law claims. But Cutrona and Kennell assert that the ten-count AC nonetheless "relate[s] to [an] employee benefit plan" (29 U.S.C. § 1144(a)[4]) as defined by ERISA, so that Comm–Exec's claims are therefore preempted under ERISA § 1144(a) (see, e.g., *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). And if that were true, the existence of a federal question would support jurisdiction under Section 1331 so as to permit removal, despite the manner in which Comm–Exec has drafted the AC (*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

That position, however, does not fly. It is quite true that the multi-employer trust through which Cutrona and Kennell persuaded Comm–Exec to purchase its worker's compensation coverage, International Association of Entrepreneurs of America ("IAEA"), was "purportedly organized under ... ERISA" (AC ¶ 5). As the AC explains, IAEA then ran into financial difficulties and proved to be unable to pay benefits due to Comm–Exec by reason of an injury to one of the latter's employees (AC ¶ 10–12). Comm–Exec's claimed ability to go after Cutrona and Kennell to recover its losses via this lawsuit rests primarily on the assertion that IAEA was always an unauthorized insurer within the Illinois Insurance Code's provisions (AC ¶ 16).

All ten counts in the AC ring various changes on a single theme: Cutrona and Kennell are assertedly liable to Comm–Exec because of IAEA's unauthorized status in Illinois, attributable to its having conducted business in this state without having obtained the required certificate of authority from the Illinois Director of Insurance. Those ten counts run in pairs, with the same theory of recovery being advanced successively against Cutrona and then Kennell. Thus:

1. Counts I and II claim damages under this provision of the Illinois Insurance Code, 215 ILCS 5/121–4:

> If any such unauthorized insurer fails to pay any claim or loss within the provisions of such an insurance contract, any person who assisted or in any manner aided directly or indirectly in the procurement of the insurance contract shall be liable to the insured for the full amount of the claim or loss as provided in that insurance contract.

2. Counts III and IV charge professional negligence in the Cutrona–Kennell conduct of their insurance broker function, stemming from their placement of insurance with IAEA, an unauthorized carrier in precarious financial condition.

3. Counts V and VI charge Cutrona and Kennell with negligent misrepresentation in the same respects (nondisclosure of those problems and related misrepresentations)

4. Counts VII and VIII charge them with breaches of their contract to provide Comm–Exec with coverage—again breaches stemming from the identical IAEA problems.

moval provisions will take the form "Section—," omitting repetitive references to Title 28.

**2.** This last sentence's use of "almost final" was deliberate. Under Section 1446(a) the notice of removal must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." But all that Cutrona and Kennell have attached to the Notice itself is a copy of the AC—everything that preceded it is missing. Thus it is impossible for this Court to tell, for example, whether the original Complaint would itself have been removable on the same theory of ERISA preemption that Cutrona and Kennell now advance. If so, of

course, the current removal would be out of time under the first paragraph of Section 1446(b). But that possibility need not be addressed, given the jurisdictional flaw discussed next in the text.

**3.** All of the parties are Illinois citizens, so that it is not (and cannot be) contended that diversity jurisdiction exists under Section 1332.

**4.** Hereafter that provision, ERISA's § 514(a), will (like all other ERISA provisions referred to in this opinion) be cited "ERISA § —," reflecting the statutory section numbering within Title 29 rather than ERISA's internal numbering.

5. Counts IX and X also sound in breach of contract, this time hinging on the same statutory provision on which Counts I and II rest.

That summary of the Comm–Exec claims demonstrates why the present attempted removal clearly fails as a jurisdictional matter. Importantly, the Illinois statutory provision that forms the direct gravamen of AC Counts I, II, IX and X, and that is an integral component of all six other counts, is really a paradigmatic example of a state law that regulates insurance and comes within the express ERISA provision (ERISA § 1144(b)(2)(A)) that preserves such regulatory state laws against the broad preemptive provision on which Cutrona and Kennell attempt to rely. Here is that statutory exclusion:

Except as provided in subparagraph (B) [which is unquestionably irrelevant to this lawsuit], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

As is plain from the earlier-quoted provision of the Illinois Insurance Code, it applies to all insurance carriers and to all insurance policies across the board, having no particular focus on employee benefit plans or on the carriers that insure them. As such, all of the claims presented by Comm–Exec are totally distinguishable from those involved in *Metropolitan Life v. Taylor* on its own terms (that case, 481 U.S. at 62, 107 S.Ct. at 1545–46 (emphasis added), stressed that the lawsuit at issue there "is based upon common law of general application that is not a law regulating insurance."). By contrast, it cannot be gainsaid that the Illinois statute on which Comm–Exec hangs its hat *is* "a law regulating insurance." Indeed, the exemption of this case from ERISA's preemption provision really follows a fortiori from the recent decision to the same effect in *Plumb v. Fluid Pump Serv., Inc.,* 124 F.3d 849, 859–60 (7th Cir.).

Moreover, all of the claims in all of the AC's Counts are far too tangential to ERISA to come within its broad preemptive scope. It will be remembered that *Pilot Life* placed its reliance on the preemption that has expressly been mandated by Congress—on the conclusion that the civil enforcement remedies in ERISA § 1132(a) "were intended to be exclusive" (*Pilot Life*, 481 U.S. at 54, 107 S.Ct. at 1556; *Plumb*, 124 F.3d at 860). It would take more than a Procrustean stretching or lopping off of Comm–Exec's claims to fit this lawsuit into ERISA § 1132(a). Thus the Cutrona–Kennell attempt to reshape Comm–Exec's lawsuit to their asserted mold fails for more than one reason.

In sum, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). Hence that last-cited statute compels remand to the Circuit Court of Cook County, and this Court so orders. Especially in light of the facts that this is by no means a new lawsuit and that the parties should be enabled to go on with their litigation business promptly, the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.