[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-13754

_____

D. C. Docket No. 00-01519-CV-JLK

WHOLE HEALTH CHIROPRACTIC & WELLNESS, INC.,
on its own behalf and on behalf of a similarly situated class,

Plaintiffs-Appellees,

versus

HUMANA MEDICAL PLAN, INC. and
HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 28, 2001)**

Before TJOFLAT and WILSON, Circuit Judges, and RESTANI*, Judge.

_____
*Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by
designation.

WILSON, Circuit Judge:

This appeal raises an issue of first impression in this circuit – whether the Federal Removal Statute, 28 U.S.C. § 1441 *et seq.*, permits a district court's *sua sponte* remand of a case because of a defect in the removal procedure. Aligning ourselves with those of our sister circuits that have previously decided this issue, we conclude that such action is not permitted as it falls outside the scope of 28 U.S.C. § 1447(c). We also decide that such an error is subject to appellate review.

## I.

The original plaintiff, Medical Re-Hab Center, filed this case on its own behalf and on behalf of an alleged similarly situated class, against Humana Medical Plan, Inc. ("Humana"), a Florida Health Maintenance Organization (HMO) governed by Florida Statutes chapter 641. The plaintiffs filed the complaint in a Florida circuit court. The complaint alleged breach of contract and statutory violations, and specifically alleged that Humana violated Florida Statutes chapter 627.613, for failing to make interest payments on medical bills paid more than forty-five days after receiving written notice of a covered loss. Humana filed a motion to dismiss the complaint for failure to state a cause of action, arguing that because it is an HMO governed by Florida Statutes chapter 641, insurance laws such as chapter 627.613 did not apply to it.

2

In response to the motion to dismiss, the Appellees filed their first amended class representation complaint ("first amended complaint"). They named Whole Health Chiropractic & Wellness, Inc. ("Whole Health") as the plaintiff and named Humana as the defendant. The first amended complaint identified Mayra Abella as a patient of Whole Health. Abella was a participant in and beneficiary of an employee welfare benefit plan of Humana Health Insurance Company of Florida, Inc. ("HHIC"). Humana and HHIC alleged that the employee benefit plan in which Abella participated was governed by the Employee Retirement Income Security Act ("ERISA").[1]

HHIC and Humana filed a notice of removal pursuant to 28 U.S.C. § 1441(b), alleging that ERISA preempted all of the Appellees' state law claims. The Appellants argued, therefore, that the claims arose under federal law, giving the district court original jurisdiction pursuant to 28 U.S.C. § 1331.

The district court, acting *sua sponte*, remanded the case to the Florida court. The court determined that because the case had been pending in the state court for over one year before removal, the time for removing the case to federal court had

---

[1]The Employee Retirement Income Security Act of 1974 and as amended, 29 U.S.C. §§ 1001 *et seq.*

3

expired.[2]  The court then denied the Appellants' motion to reconsider, stating that it had no jurisdiction to reconsider the remand order under 28 U.S.C. § 1447(d) because it had remanded the action due to "a defect in the removal process."  This appeal followed.

II.

We first decide whether we have jurisdiction to review the district court's order.  Section 1447(d) of Title 28 provides that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).  Section 1447(c) authorizes remand for a procedural defect in the removal process.  In relevant part, it provides:

---

[2]The removal procedure statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

The Supreme Court has held that sections 1447 (c) and (d) must be construed together. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976), *abrogated on other grounds in Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). "This means that only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)." *Id.* at 346. We have interpreted the statutory language to mean that:

[A] remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a *motion* to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure.

*In re: Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997) (emphasis added).

In the instant case, the district court *sua sponte* remanded the case to the state court within thirty days of removal because of a procedural defect. Although the statutory language makes it clear that we would not have jurisdiction to review the remand order if the plaintiffs had made a motion to remand the case, it is

5

unclear whether 28 U.S.C. § 1447(d) precludes our review where the court orders a remand *sua sponte*. We have held that *sua sponte* remand orders made more than thirty days after removal are reviewable, because such orders exceed the authority granted by § 1447(c). *See Bethesda Mem'l Hosp.*, 123 F.3d at 1410. Because we find, for reasons discussed below, that § 1447(c) does not authorize *any sua sponte* remand order not based on subject matter jurisdiction -- even if made within the thirty day period -- § 1447(c) does not bar our review of the order.

## III.

Although we have never addressed this issue, four other circuits have held that § 1447(c) does not authorize the *sua sponte* remand of an action due to a defect in the removal process.[3] *See In re: FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (holding that remand order was reviewable because the district court exceeded its authority under § 1447(c) by *sua sponte* remanding an action within thirty days of removal based on a procedural defect); *Page v. City*

---

[3]To support their argument that the remand order in this case is reviewable, the Appellants rely upon *In re First Nat'l Bank of Boston*, 70 F.3d 1184 (11th Cir. 1995), where we held that a *sua sponte* remand for a procedural defect entered within thirty days of removal, was not authorized under § 1447(c) and was therefore reviewable. *See id.* at 1189-90. That decision lacks precedential value, as it was vacated due to the settlement of the underlying case. *See In re First Nat'l Bank of Boston*, 102 F.3d 1577, 1577 (11th Cir. 1996) (per curiam). Since that time, we have not determined whether *sua sponte* remand orders entered within thirty days following removal are authorized under 28 U.S.C. § 1447(c).

*of Southfield*, 45 F.3d 128, 132-33 (6th Cir. 1995) (same); *In the Matter of Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994) (same); *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993) (same).

The Fifth Circuit was the first court of appeals to confront whether the current version of § 1447(c) authorized *sua sponte* remand orders within the thirty-day limit. Beginning with the statutory language, the majority noted that "the phrase, '[a] motion to remand the case . . . must be made,' implies that only a party to the case may initiate it." *Allstate Ins. Co.*, 8 F.3d at 223 (alteration in original). The court interpreted § 1447(c) to "assign[] to the court concern for its jurisdictional prerequisites . . . ." and to "consign[] procedural formalities to the care of the parties." *Id.* The Fifth Circuit also observed that when "a removed plaintiff, by its inaction . . . acquiesce[s] in federal jurisdiction, for example, it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum." *Id*. Lastly, the court noted that § 1447(c)'s legislative history also supported its interpretation of the statute. *See id*. (quoting H.R. REP. No. 889, 100th Cong., 2d Sess. 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033).

In *Continental Casualty Co.*, the Seventh Circuit agreed with the result in *Allstate* that a party's motion is essential to remand a case based on a procedural defect within the thirty-day limit. *See Continental Casualty Co.*, 29 F.3d at 294.

7

Judge Easterbrook, writing for the panel, observed that plaintiffs may decide to waive objections to removal based on procedural defect. *See id.* Thus, "[a] remand on the court's own motion may deprive *both* sides of their preferred forum." *Id.* The court also noted that *sua sponte* remand orders "increase the risk of error – both legal error and error in understanding the parties' desires." *Id.* at 295. The court concluded that to avoid extending a dispute, a district court should wait for a motion for remand, as "the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." *Id.* Six years later, the Third Circuit adopted the Seventh Circuit's *Continental Casualty Co.* reasoning in *FMC Corp. See FMC Corp.*, 208 F.3d at 451.

The Sixth Circuit, in *Page*, relied on both *Allstate* and *Continental Casualty*. The majority in *Page* noted that the language of § 1447(c) "distribute[s] different roles to the court and the parties." *Page*, 45 F.3d at 133. The court stated that Congress used the the term "motion" with respect to procedural defects, indicating that the district court must wait for a party to make a motion before remanding the case, but Congress did not use "motion" with respect to remand for a lack of subject matter jurisdiction, instead requiring a district court to remand a case *sua sponte* when it finds that it lacks subject matter jurisdiction. *See id.* The court also noted the Seventh Circuit's concerns from *Continental Casualty*, observing that

8

plaintiffs may forgive procedural defects and accept a federal forum, and that *sua sponte* remands may run contrary to the removal statutes' goals of preventing delays and the shuffling of cases.  *See id*. at 134.

We find the reasoning of our sister circuits persuasive.  The language of § 1447(c), especially Congress's use of the language "[a] motion to remand . . . must be made," in connection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that the district court must wait for a party's motion before remanding a case based on procedural defect.  We also recognize that a plaintiff may acquiesce to federal jurisdiction, and forgive any of the defendant's procedural errors in removing the case.   Plaintiffs have been known, for example, to file a case with claims arising under federal law in state court rather than federal court to avoid an immediate statute of limitations deadline when the state courthouse is closer in proximity than a distant federal courthouse -- with the expectation that the defendant will remove the case to federal court.  Although we do not encourage such maneuvering,  *sua sponte* remand by the district court in such an instance frustrates the parties' intent, as well as the statutes' goals of preventing delay and the shuffling of cases back and forth.

9

We hold that the district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for a party's motion. Moreover, the *sua sponte* remand order has halted litigation on the merits and has delayed the resolution of the dispute.

Our determination that the district court exceeded its authority under § 1447(c) also resolves the issue of our jurisdiction to review the remand order. *See FMC Corp.*, 208 F.3d at 448 ("The threshold jurisdictional issue cannot be separated from the merits of the defendants' challenge; our analysis of the relevant statutory provisions both supports our jurisdiction and compels our conclusion that the District Court exceeded its authority in entering the remand orders").

IV.

For the foregoing reasons, we reverse the district court's order remanding the case to the Florida court, and remand the case for further proceedings.

**REVERSED AND REMANDED.**