[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14528
Non-Argument Calendar

_____

D. C. Docket No. 06-81064-CV-KLR

M.D. BRUCE DAVID BURSTEIN,

Plaintiff-Appellant,

versus

M.D. CASWELL RUMBALL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2008)

ON PETITION FOR REHEARING AND
SUGGESTION OF REHEARING EN BANC

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The petition for rehearing filed by Appellant is GRANTED,[1] and we order that the prior opinion be withdrawn, and substitute the following opinion.

Bruce David Burstein, a physician, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1981 suit against Caswell Rumball, in which he alleged Rumball retaliated against him for filing a race discrimination complaint.[2]  The district court, noting Burstein had brought two other suits stemming from the same facts against the same defendants or those in privity with them, dismissed the present action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata, improper claim splitting, and collateral estoppel.  Burstein asserts Rumball was not in privity with defendants in a prior proceeding, *Burstein v. Emtel, Inc.*, No. 0:03-cv-60474-WJZ (S.D. Fla. 2006) (unpublished) (*Burstein I*), and the issues of liability in the present case differ from those in *Burstein I* and a second action which was dismissed without prejudice, *Burstein v. Rumball*, No. 9:05-cv-80544-DTKH (S.D. Fla. 2005) (unpublished) (*Burstein II*).  After review, we affirm the district court's dismissal.

We review a grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim *de novo*, accepting the allegations in the complaint as true and

---

[1] The petition for rehearing en banc is denied as moot.

[2] Burstein also sued Joseph Degioanni and Emtel, Inc. (Emtel Texas), and the district court likewise dismissed the suit with respect to them.  Nevertheless, because Burstein has since settled his claims against those parties, they are not at issue in this appeal.

construing them in the light most favorable to the plaintiff. *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004). "We also review *de novo* a district court's determination of res judicata or collateral estoppel." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). A district court's conclusion that an issue was actually litigated in a prior action is reviewed for clear error. *Richardson v. Miller*, 101 F.3d 665, 667-68 (11th Cir. 1996). Clear error is a highly deferential standard of review and will not be found unless, although there is evidence in the record to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (quotations omitted).

"When claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). The party seeking to bar an issue on collateral estoppel grounds must establish four factors: (1) the issue was identical in both the prior and current action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and

3

(4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003). This Court has also noted another factor: that the burden of persuasion in the subsequent action was not significantly heavier than in the prior proceeding. *Johnson v. Florida*, 348 F.3d 1334, 1347 (11th Cir. 2003). Although *res judicata* requires a final judgment, the finality requirement for collateral estoppel is "less stringent." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1253 (11th Cir. 2006) (citing *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000)).

Burstein is incorrect that he could not appeal the dismissal without prejudice of *Burstein II*. *See Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993) ("A plaintiff may appeal from an involuntary dismissal without prejudice."). Contrary to the assertion in Rumball's appellate brief and consistent with the assertion in his 12(b)(6) motion, no evidence in the record exists that Burstein moved for reconsideration of the dismissal of *Burstein II*.

Collateral estoppel bars this action. The complaint in the present case is identical to the complaint in *Burstein II*, except for an additional defendant here, Emtel Texas. Both cases were dismissed based on claim preclusion principles. This issue–*i.e.*, whether the action was barred by principles of claim

4

preclusion–was litigated in *Burstein II* via Burstein's failed motion to consolidate *Burstein II* with *Burstein I*, and Burstein's response to the court's order to show cause regarding why *Burstein II* was not subject to dismissal. This issue was also litigated in this case via Burstein's response to Rumball's 12(b)(6) motion, and failed motion for reconsideration. Considering that both *Burstein II* and the present action were dismissed based on claim preclusion, the determination of the issue was critical and necessary to the judgment in the prior action, *i.e.*, *Burstein II*. *See Barger*, 348 F.3d at 1293. Finally, Burstein had a full and fair opportunity to litigate the issue in the earlier proceeding, *see id.*, considering that he had the opportunity to move for reconsideration and appeal, *see Justice*, 6 F.3d at 1481. Accordingly, the issue of whether the current action is barred by claim preclusion is itself barred by collateral estoppel.[3]

**AFFIRMED.**

---

[3] In light of our conclusion, we need not address the district court's holdings, in the alternative, that the suit is also barred by a prohibition against claim splitting and res judicata.

5