# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 09-3204

JANE WYNNE PETTITT and
ELIZABETH WYNNE DAVIES, Co-Executrixes
of the Estate of SARAH WYNNE STEWART,
deceased, et al.,

*Plaintiffs-Appellees,*

*v.*

THE BOEING CO., a corporation, et al.,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 CV 03709—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED MARCH 29, 2009—DECIDED MAY 17, 2010

Before CUDAHY and KANNE, *Circuit Judges*, and DARRAH,
*District Judge.*[1]

---

[1] Honorable John W. Darrah, United States District Judge
for the Northern District of Illinois, is sitting by designation.

CUDAHY, *Circuit Judge.* The present case arises out of a tragic accident that occurred on May 5, 2007, when in the early morning hours a Boeing 737-800 aircraft crashed shortly after take-off in Cameroon. All 114 people on board died. Two years later, six wrongful-death and survival actions were filed in Cook County Circuit Court, but were promptly removed to the United States District Court for the Northern District of Illinois on June 19, 2009. Removal was effected under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), which, subject to certain conditions, grants district courts original jurisdiction over civil actions arising from a single accident involving at least 75 fatalities, where minimal diversity exists among the adverse parties. 28 U.S.C. § 1369. Three of the six cases removed under the MMTJA were voluntarily dismissed. The three remaining actions were assigned to the Hon. Samuel Der-Yeghiayan,[2] the Hon. Milton I. Shadur[3] and the Hon. Wayne R. Andersen.[4]

A primary purpose of the MMTJA was to consolidate multiple cases arising out of a single disaster. *See* H.R. Rep. No. 106-276, at 200 (2002) (Conf. Rep.); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 794 (E.D. La. 2006); *Passa v. Derderian*, 308 F. Supp. 2d 43, 53 (D.R.I. 2004). Consistent with that purpose, defendant, The

---

[2]  This is the case that is presently before us on appeal.

[3]  *Claisse v. Boeing Co.*, No. 09 CV 3722.

[4]  *Patricia v. Boeing Co.*, No. 09 CV 3728.

Boeing Company, filed a motion for reassignment and consolidation on July 6, 2009, in the present case under Local Rule 40.4 of the Northern District of Illinois. That rule enables a defendant to file such a motion with the judge before whom the lowest-numbered case of the claimed related set of cases is pending. On July 8, 2009, the plaintiffs consented to Boeing's pending motion for consolidation and reassignment. Unfortunately, the district court did not rule on that motion.

Instead, on August 20, 2009, approximately two months after removal, Judge Der-Yeghiayan sua sponte remanded the case to the Circuit Court of Cook County. He reasoned that the "record does not reflect that all the defendants consented in a timely fashion for the removal before the case was removed to Federal Court." Relying on *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982), the district court concluded that the removal to federal court had been defective, since "[a]ll defendants must join in a removal petition in order to effect removal." As a corollary, all pending motions were "stricken as moot." The defendants appeal this order, which the plaintiffs have chosen not to defend. Since the district court did not have the power to enter such an order, we vacate it. Before we explain the basis for this decision, however, we must address the question of jurisdiction.

A casual reading of Section 1447(d) might suggest that we lack jurisdiction to consider the district court's order. This provision states that an "order remanding a case to the State court from which it was removed is *not*

reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d) (emphasis added). In the present case, the district court remanded under Section 1447(c) and not Section 1443. However, we have previously explained that appellate review is possible where the district court's remand "falls outside the authority of § 1447(c)." *In re Continental Cas., Co.*, 29 F.3d 292, 294 (7th Cir. 1994). We can "decide whether a district court has the power to do what it did, although we cannot examine whether a particular exercise of power was proper." *Id.* Thus, the 28 U.S.C. § 1447(d) prohibition on appellate-court review of remand orders does not apply to remand orders that were outside the district court's statutory power under 28 U.S.C. § 1447(c).

In the present case, the district court lacked statutory power to enter a remand order. Even if the district court were correct that a defect in removal had occurred, this is merely a procedural defect. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 455 (7th Cir. 2005); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Such defects are waived if a party does not bring a timely motion to remand the case to state court. 28 U.S.C. § 1447(c) (requiring that a motion to remand "be made within 30 days after the filing of the notice of removal under section 1446(a)"). We have previously held that "after the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems." *Continental Cas. Co.*, 29 F.3d at 295. In the present

case, no party filed a motion within 30 days. As a result, even if the "defect in the removal process could have justified a remand . . . because 30 days passed without protest—and the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003); *see also In re Continental Cas. Co.*, 29 F.3d at 294-95; *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198-200 (4th Cir. 2008); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1318-21 (11th Cir. 2001); *Page v. City of Southfield*, 45 F.3d 128, 132-34 (6th Cir. 1995); *Maniar v. FDIC*, 979 F.2d 782, 785-86 (9th Cir. 1992); *FDIC v. Loyd*, 955 F.2d 316, 321-22 (5th Cir. 1992); *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 63-65 (3d Cir. 1989). Since any procedural defect was waived, the district court lacked power to remand the case on that basis.

Although the validity of the removal is not relevant for jurisdictional reasons to our disposition of the present appeal, it bears noting that no procedural defects were in fact present. It is indeed true that valid removal generally requires the unanimous consent of all defendants. *See Wolf v. Kennelly*, 574 F.3d 406, 409-10 (7th Cir. 2009). This general rule follows from the language of 28 U.S.C. § 1441(a), which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*." (emphasis added). We have interpreted the italicized language to mean that all defendants must consent to removal. *See Doe*, 347 F.3d at 657. However, the present case was

not removed under 28 U.S.C. § 1441(a); it was removed under the MMTJA (28 U.S.C. § 1369). Section 1441(e)(1) provides that "*a defendant* . . . may remove . . . if the action could have been brought . . . under section 1369." (emphasis added).

In summation, we have jurisdiction to consider whether the district court had power to order remand and we conclude that it did not. We also observe that the district court was in fact mistaken in believing that there was a defect in removal.

This leaves us with just one more difficulty. At oral argument, counsel instructed us on the disarrayed nature of the underlying proceedings, given that three different lawsuits based on the same accident and purportedly involving the same legal issues are being litigated in front of three different judges. To complicate matters further, the case presently before Judge Andersen has been stayed pending the outcome of the current appeal, while Judge Shadur has denied the defendants' request for a stay. Counsel advised us at oral argument that we could ameliorate the situation on remand by consolidating the three actions. He suggested that our Circuit Rule 36 might enable us to do so, though he conceded that he was unable to point to any precedent that supports his contention.

Our search of prior case law has been no more fruitful, though we would be hesitant to order consolidation regardless, since two of the three relevant cases are not now before us and we do not have the benefit of up-to-date briefing and argument from all affected parties on the

matter. But even if we were of the opinion that Rule 36 gave us the power to consolidate the three relevant cases, we would see no reason to exercise that authority here. The Northern District of Illinois has a mechanism in place for dealing with such situations. On remand, the present case will again be before Judge Der-Yeghiayan and the Rule 40.4 motion filed by defendant, The Boeing Co., on July 8, 2009, and consented to by the plaintiffs two days later, will remain pending. On remand, Judge Der-Yeghiayan should promptly address this motion and, if necessary, consult with Judges Shadur and Andersen to determine whether reassignment is appropriate.[5]

---

[5] Of course, a complicating fact is that Judge Shadur has already entertained and denied a Rule 40.4 motion filed by the defendants, as the case pending before him became the lowest-numbered one by virtue of Judge Der-Yeghiayan's improper remand order. We do not know the basis for this determination, as the docket entry merely indicates that the court denied the motion for "reasons stated at oral argument." However, it would seem that Judge Shadur found the cases at least somewhat related, since it ordered that discovery conducted in front of Judge Andersen constitute discovery for the purpose of the action pending before him.

There may be concern that the doctrine of collateral estoppel affects the pending Rule 40.4 motion before Judge Der-Yeghiayan, since Boeing had a full and fair opportunity to argue just such a motion in another forum (before Judge Shadur). It might be possible to litigate an issue for purposes of collateral estoppel via a motion to consolidate. *See, e.g.*, *Burstein v. Rumball*,

(continued...)

For the foregoing reasons, the district court's remand order of August 20, 2009 is VACATED and the case is remanded to the district court for proceedings consistent with this opinion. The district court should endeavor promptly to rule upon the pending Rule 40.4 motion to consolidate and reassign, which was filed on July 6, 2009. In considering the merits of this motion, we would encourage the district court to be mindful of the benefits of consolidation envisioned in the MMTJA.

---

[5] (...continued)
297 Fed. App'x. 918, 920 (11th Cir. 2008). However, collateral estoppel applies only to a court's determination of fact that is necessary to its judgment. *See Harrell v. U.S. Postal Service*, 445 F.3d 913, 921 (7th Cir. 2006). Judge Shadur's discretionary ruling not to grant a Rule 40.4 motion could have been founded on a variety of determinations, many of which would have no bearing on a subsequent motion to reassign before Judge Der-Yeghiayan. *Cf. Jennings v. Roscrow*, 1987 WL 11341, at * 3 (N.D. Ill. May 22, 1987).