[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12257
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-21164-MGC

RICARDO MAXWELL,

Plaintiff–Appellee,

versus

NCL (BAHAMAS), LTD,
d.b.a. NCL,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 18, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ricardo Maxwell, a Costa Rican seaman, sued his employer NCL

(Bahamas), Ltd., under the Jones Act, 46 U.S.C. § 688, in Florida state court.

NCL removed the case to federal court, where it sought to enforce an arbitration agreement in Maxwell's employment contract. 9 U.S.C. § 205. Maxwell asked the district court to remand the case to state court. The district court found that the arbitration agreement was invalid because it, along with the contract's choice of law clause, deprived Maxwell of his U.S. causes of action and thus violated public policy. *See Thomas v. Carnival Corp.*, 573 F.3d 1113, 1124 (11th Cir. 2009). Because the district court found the arbitration agreement unenforceable, it remanded the case to state court. NCL appeals from the remand order and argues that *Thomas* conflicts with our earlier decision in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005).[1] We agree.

In *Lindo v. NCL (Bahamas) Ltd*., we recognized that *Bautista* limited the defenses available to enforcement of an arbitration agreement in an international commercial agreement like Maxwell's employment contract. No. 10-10367 (11th Cir. Aug. 29, 2011). *Bautista* limited those defenses to fraud, mistake, and waiver,

---

[1] We must first decide whether we have jurisdiction to review the district court's remand order. When a remand order is not based on lack of subject-matter jurisdiction or a procedural defect in removal, it is reviewable on appeal. *See* 28 U.S.C. § 1447(d); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). And we have previously concluded that we do have jurisdiction to review remand orders based on forum-selection clauses. *Snapper Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999). Because arbitration agreements are a type of forum-selection clause, we conclude that we have jurisdiction to review the district court's remand order. *Cunningham v. Fleetwood Homes of Ga.*, 253 F.3d 611, 617 (11th Cir. 2001) ("Agreements to arbitrate are essentially forum-selection clauses . . . .").

because we concluded that they could be applied neutrally throughout the world. 396 F.3d at 1302. Although *Thomas* recognized public policy as another defense to enforcement of an arbitration agreement, 573 F.3d at 1124, we recently concluded that *Thomas*'s expansion of the defenses to enforcement of an arbitration agreement violated our prior panel precedent rule. *Lindo*, slip op. at p. 45–46. As such, public policy is not a valid defense to enforcement of an arbitration agreement. Accordingly, we reverse the district court's remand order, and remand to the district court to enter an order compelling arbitration.

**REVERSED and REMANDED.**