UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1114**

LANCE MCCOY,

                Plaintiff – Appellant,

        v.

AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,

                Defendant – Appellee,

        and

BRYANT NEWMUIS; FREDDIE HENDRICKS TRACK CLUB, An Affiliate
Organization of The Amateur Athletic Union,

                Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District
Judge. (1:13-cv-03744-MJG)

Submitted: August 10, 2015      Decided: September 3, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward Smith, Jr., LAW OFFICE OF EDWARD SMITH, JR., Baltimore,
Maryland, for Appellant. Angela W. Russell, Peter A. Coleman,
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance McCoy appeals the district court's order granting the Amateur Athletic Union of the United States, Inc.'s ("AAU") motion for summary judgment and dismissing his action. Specifically, McCoy contends that the district court erred in contradicting rulings by a Maryland state court made prior to removal and holding that AAU was not vicariously liable for the sexually abusive conduct of McCoy's former track coach ("the coach"). McCoy also argues that the district court erred in denying his motion to remand the case to state court because AAU failed to timely file its notice of removal. We affirm.

We first review de novo the district court's order denying remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). Here, because McCoy failed to assert before the district court that AAU's notice of removal was untimely, he has forfeited his right to do so on appeal. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199 (4th Cir. 2008) (internal quotation marks omitted) ("Procedural defects in removal are . . . similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited.") (quoting Matter of Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)); see also Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75 n.13 (1996) (noting that an argument concerning § 1446(b)'s one-year time limit counts as a "nonjurisdictional

argument" that "may be deemed waived" under Supreme Court Rule 15.2 when not raised in a respondent's brief in opposition to a petition for a writ of certiorari).

We next review de novo the district court's grant of summary judgment.  Blake v. Ross, 787 F.3d 693, 696-97 (4th Cir. 2015).  All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party."  Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

In challenging summary judgment, McCoy first argues that the district court was bound by res judicata, collateral estoppel, and  the Supreme Court's decision in Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), to deny AAU's motion for summary judgment so as to not conflict with the Maryland court's prior denial of AAU's previous motion to dismiss.  McCoy is mistaken. Aside from the fact that the standards for motion to dismiss and summary judgment are quite distinct, both res judicata and collateral estoppel require a "final judgment" to bar relitigation.  See Anne Arundel Cty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005) (res judicata); Rourke v. Amchem Prods., Inc., 863 A.2d 926, 933 (Md. 2004) (collateral estoppel).  Here, there was no final judgment in state court.

4

Further, Erie is inapplicable here because this case involves no conflict between state and federal law. Therefore, we conclude that the district court did not err to the extent that it deviated, in granting summary judgment, from the Maryland court's order denying AAU's prior motion to dismiss.

Finally, McCoy contends that summary judgment was improper because genuine disputes of material fact exist as to whether the coach was AAU's agent and was acting within the scope of the principal-agent relationship when he sexually assaulted McCoy. Under Maryland law, principals are liable for the conduct of their agents only when the conduct is within the scope of the principal-agent relationship. See S. Mgmt. Corp. v. Taha, 836 A.2d 627, 638 (Md. 2003) (stating rule with respect to employer-employee relationship). "[W]here an [agent]'s actions are personal, or where they represent a departure from the purpose of furthering the [principal]'s business, . . . even if during normal duty hours and at an authorized locality, the [agent]'s actions are outside the scope of his [agency]." Sawyer v. Humphries, 587 A.2d 467, 471 (Md. 1991). "[W]here the conduct of the [agent] is unprovoked, highly unusual, and quite outrageous, courts tend to hold that this in itself is sufficient to indicate that the motive was a purely personal one and the conduct outside the scope of [agency]." Id. (internal brackets and quotation marks omitted).

Even assuming that the coach was AAU's agent, we hold that AAU cannot be vicariously liable for his conduct, which was well outside of the principal-agent relationship. McCoy's claim that AAU negligently supervised and vetted the coach and provided him with the environment in which he committed sexual assault is irrelevant to whether AAU can be held vicariously liable for his conduct. We therefore find that summary judgment was appropriate.

Accordingly, we affirm the district court's orders denying McCoy's motion to remand, granting AAU's motion for summary judgment, and dismissing McCoy's case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED