[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11508

Non-Argument Calendar

_____

MCS OF TAMPA, INC.,
a Florida corporation,

                                        Plaintiff-Appellee,

*versus*

DAVID M. SNYDER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-00608-WFJ-CPT

2                          Opinion of the Court                    24-11508

_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

David Snyder appeals from the district court's two April 8, 2024 orders granting MCS of Tampa, Inc.'s motion to remand and denying as moot Snyder's motion to consolidate. MCS moves to dismiss the appeal for lack of jurisdiction.

The remand order is not an appealable order because it granted MCS's timely motion to remand based on procedural defects in the removal. *See* 28 U.S.C. § 1447(c), (d); *New v. Sports & Recreation*, 114 F.3d 1092, 1095-96 (11th Cir. 1997); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). Although Snyder argues that the exception for cases removed pursuant to 28 U.S.C. §§ 1442 or 1443 applies here, it does not. *See* 28 U.S.C. § 1447(d); *BP p.l.c. v. Mayor of Balt.*, 141 S. Ct. 1532, 1538 (2021). The case was not removed pursuant to 28 U.S.C. §§ 1442 or 1443 because his notice of removal never referenced either statute, nor did it indicate that he was a federal officer or that he had been denied or was attempting to enforce a civil right of equality. *See* 28 U.S.C. §§ 1442, 1443; *Thompson v. Brown*, 434 F.2d 1092, 1096 (5th Cir. 1970); *Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966). Snyder only stated that the action was removable "pursuant to the provisions of 28 U.S.C. § 1441."

Because we do not have jurisdiction to review the remand order, we are unable to provide meaningful relief regarding the

24-11508              Opinion of the Court                    3

district court's denial of Snyder's motion to consolidate, and thus the appeal of that order is moot. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).

Accordingly, MCS's motion to dismiss the appeal is GRANTED and this appeal is DISMISSED for lack of jurisdiction. Snyder's motion to supplement the record is DENIED as moot.