In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13109

_____

WELLS FARGO BANK,

*Plaintiff-Appellee,*

*versus*

MILES CHRISTIAN HART,

*Defendant-Appellant,*

THE UNKNOWN SPOUSE
OF MILES CHRISTIAN HART, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-01539-WFJ-AEP

_____

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

BY THE COURT:

After Miles Christian Hart, pro se, removed a foreclosure ac-
tion to federal court, Wells Fargo Bank moved to remand it to state

court, arguing, inter alia, that the removal was untimely and that the district court lacked subject matter jurisdiction. In an order entered on July 17, 2025, the district court granted the motion, agreeing with Wells Fargo both that the removal was untimely and that the court lacked subject matter jurisdiction. Hart moved for reconsideration, and, in an order entered on August 8, 2025, the district court denied the motion.

Hart appealed. We issued a jurisdictional question asking whether he may appeal from either order.

After reviewing the record and the parties' responses to our question, we conclude that we lack jurisdiction to review the July 17 order. That order granted a timely motion to remand based on both a defect in the removal procedure and a lack of subject matter jurisdiction, and Hart did not remove the action under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1447(d), 1442, 1443; *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). Accordingly, this appeal is DISMISSED to the extent that it is taken from the July 17 order.

We CARRY WITH THE CASE the issue of whether we have jurisdiction to review the August 8 order denying Hart's motion for reconsideration. A final determination regarding jurisdiction will be made by the panel to whom this case is submitted on the merits.