# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3703

ILLINOIS MUNICIPAL RETIREMENT FUND,

*Plaintiff-Appellee*,

v.

CITIGROUP, INC., J.P. MORGAN SECURITIES, INC.,
BANC OF AMERICA SECURITIES, LLC, *et al.*,

*Defendants-Appellants.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 C 465—**G. Patrick Murphy**, *Chief Judge.*

———————

ARGUED NOVEMBER 9, 2004—DECIDED DECEMBER 2, 2004

———————

Before FLAUM, *Chief Judge*, and CUDAHY and POSNER,
*Circuit Judges*.

FLAUM, *Chief Judge*. Plaintiff-appellee filed suit in Illinois
state court. Following removal by defendants-appellants,
the district court remanded the action to state court.
Defendants-appellants appeal, arguing that the district
court exceeded its authority, and seeking vacatur of the re-
mand order. For the reasons stated herein, we affirm.

### I. Background[1]

Between 1998 and 2001, WorldCom, once the second largest telecommunications company in the world, issued debt securities worth billions of dollars in connection with which defendants-appellants served as underwriters. WorldCom agreed to indemnify appellants for liability arising out of untrue statements or omissions in prospectuses issued in connection with the offerings.

On June 25, 2002, WorldCom announced that it had improperly treated $3.8 billion in ordinary costs as capital expenditures and that it would have to restate its financial statements. This led to the filing of numerous individual and class actions in state and federal courts across the country. On October 8, 2002, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that actions pending in federal courts be centralized in the Southern District of New York before Judge Cote, pursuant to 28 U.S.C. § 1407, the multidistrict litigation statute.

Many of the individual actions brought in state courts following WorldCom's announcement were filed by state and private pension funds that had purchased WorldCom bonds ("bondholders"). Rather than joining a class action against WorldCom and the other defendants, the bondholders, represented by Milberg Weiss Bershad Hynes & Lerach, brought individual actions in state courts across the country. Between July 5, 2002 and October 3, 2003, Milberg Weiss filed at least 47 of these individual actions on behalf of over 120 plaintiffs.

---

[1] The facts in this section are taken principally from the Second Circuit's recent decisions in the WorldCom multidistrict litigation. *See Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419 (2d Cir. 2004); *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004).

The bondholders' actions filed in state courts, unlike the class actions filed in federal courts, do not assert claims under the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78a, *et seq.*; instead, they allege claims only under the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77a, *et seq.* Unlike the 1934 Act which provides for exclusive federal jurisdiction, *see* 15 U.S.C. § 78aa, the 1933 Act allows for concurrent federal and state jurisdiction and has an anti-removal provision. *See* 15 U.S.C. § 77v(a) ("[N]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). Drafting the complaints in this way would seem to ensure a state forum and prevent removal. If this was the bondholders' intention, however, their efforts have been frustrated by WorldCom's July 2002 bankruptcy filing. After that date, state-court defendants began removing the actions to federal court on the ground that they are related to WorldCom's bankruptcy. *See* 28 U.S.C. §§ 1334(b), 1452(a).[2] Many of these removed bondholder actions have been identified as "tag-along actions"[3] and transferred to Judge Cote.

On March 3, 2003, Judge Cote denied a motion to remand filed by the New York City Employees' Retirement System

---

[2] Section 1334(b) provides, in relevant part: "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 1452(a), titled "Removal of Claims Related to Bankruptcy Cases," provides, in relevant part: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

[3] JPML Rule 1.1 defines a "tag-along action" as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407."

("NYCERS"), holding that subject matter and removal jurisdiction were proper and that abstention was not appropriate. *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003).[4] This ruling applied to the actions transferred to Judge Cote pursuant to the JPML's October 8, 2002 order, as well as to the tag-along actions. On May 11, 2004, the Second Circuit affirmed Judge Cote's denial of the motion to remand, holding that the 1933 Act's anti-removal provision does not bar removal of actions under § 1452(a). *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004).

On June 18, 2003, plaintiff-appellee Illinois Municipal Retirement Fund ("IMRF") filed suit in Illinois state court, alleging claims arising out of IMRF's purchase of WorldCom debt securities and alleging false and misleading statements in registration statements and prospectuses issued in connection with the bond offerings, of which the underwriter appellants allegedly were aware or should have been aware. Consistent with the litigation strategy of other individual pension funds, and represented by the same attorneys,[5] IMRF alleged claims only under the 1933 Act. On July 16, 2003, appellants removed the case to the United States District Court for the Southern District of Illinois, premising removal on § 1452(a). On the same day, appellants filed a notice with the clerk of the JPML, requesting that the action be transferred as a tag-along action to Judge Cote. On July 25, 2003, appellants filed a motion to stay the

---

[4] Plaintiffs in numerous individual bondholder actions, represented by Milberg Weiss, were permitted to intervene in NYCERS's motion so that their arguments concerning removal could be heard on an expedited basis. *Id.* at 315.

[5] On May 1, 2004, the west coast partners of Milberg Weiss Bershad Hynes & Lerach LLP formed a new law partnership, Lerach Coughlin Stoia Geller Rudman & Robbins LLP. Plaintiff-appellee is represented by the new partnership.

action pending a determination by the JPML on the issue of transfer. The JPML issued a conditional transfer order on September 3, 2003, notice of which appellants filed with the district court on September 5, 2003.

On the same day that appellants filed their motion to stay, June 25, 2003, IMRF filed a motion to remand or abstain, raising three arguments: (1) the 1933 Act absolutely prohibits removal, even by way of § 1452(a); (2) IMRF's action does not fall within federal bankruptcy jurisdiction; and (3) even if there is subject matter and removal jurisdiction, the district court should abstain from exercising jurisdiction and should remand pursuant to § 1334(c)(1), which permits abstention in cases related to a bankruptcy case "in the interest of justice, or in the interest of comity with State courts or respect for State law," or § 1452(b), which permits remand of claims related to a bankruptcy case "on any equitable ground." These were the same arguments IMRF's attorneys already had made to Judge Cote without success, and would later make to the Second Circuit with the same result.

On September 9, 2003, although acknowledging Judge Cote's contrary decision and the JPML's conditional transfer order, the district court remanded this action to Illinois state court. (Sept. 9, 2003 Order at 3.) The court found that the 1933 Act bars removal but that its language conflicts with § 1452(a). (*Id.*) It resolved this conflict by concluding that "the rules of statutory construction require [the 1933 Act] to control over the more general provisions of 28 U.S.C. §§ 1334(b) and 1452" and that "the only way to give effect to the legislative intent behind its enactment is to construe it as a bar to removal even under these circumstances." (*Id.* at 3-4.) The district court further held that even if the 1933 Act did not bar removal, the claims were "not 'related to' the WorldCom bankruptcy and cannot be removed under Section 1452," and also that "remand is appropriate pursuant to the doctrines of permissive abstention and equitable

remand" under §§ 1334(c)(1) and 1452(b). (*Id.* at 4.) The court denied appellants' motion to stay proceedings pending the final transfer decision of the JPML and granted the IMRF's motion to remand or abstain. (*Id.* at 5.) On October 9, 2003, appellants filed a notice of appeal.

## II.  Discussion

### A.  Appellate Jurisdiction

We first must determine whether we have jurisdiction to hear this appeal. The general grant of our appellate juris-diction is found in 28 U.S.C. § 1291, which provides that courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." The breadth of our jurisdiction, however, is limited by several statutes which specifically bar appellate review of certain types of "final decisions." Each of the following stat-utes limit our jurisdiction in this case, given the district court's alternative grounds for remand: 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on ap-peal or otherwise"; § 1334(d) bars appellate review of "[a]ny decision to abstain" made in a bankruptcy case or proceed-ing; and § 1452(b) bars review of equitable remands of claims related to a bankruptcy case.

The parties agree that these three statutes bar appellate review of the district court's *reasons* for remand in this case.[6] Appellants argue, however, that "antecedent ques-tions of power are properly presented to courts of appeals." In other words, appellants contend that the district court

---

[6] In unpublished opinions, the Sixth and Eleventh Circuits dismissed similar appeals on this ground. *See Tenn. Consol. Ret. Sys. v. Citigroup*, Nos. 03-5785, 03-5786 (6th Cir. Nov. 4, 2003) (unpublished); *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, No. 02-15385 (11th Cir. June 18, 2003) (unpublished).

lacked statutory authority to issue the remand order and that we may vacate the order even though we may not review its reasoning.

In *Thermtron Products, Inc. v. Hermansdorfer*, where the Supreme Court first decided that § 1447(d) is not a complete bar to appellate review of remand orders, the Court held that it had appellate jurisdiction to review a remand order premised on the district court's overcrowded docket. 423 U.S. 336 (1976), *abrogated on different grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). "Because the District Judge remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power." *Id.* at 351. We have explained that "*Thermtron* permits us to decide whether a district court has the power to do what it did, although we cannot examine whether a particular exercise of power was proper." *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994).

In *Continental Casualty*, we issued a writ of mandamus ordering a district court to "recall its remand and reinstate the case on its docket" because it had remanded sua sponte for a procedural removal defect. *Id.* at 295. We held that the district court lacked statutory authority to remand a case based on a procedural defect in removal absent a motion by a party. *Id.* at 294-95. In so holding, we did not consider the substance of the district court's order, but merely explained that the "lack of a motion deprives a district court of *power* to return a case to state court." *Id.* at 294 (emphasis in original).

In *Thermtron*, the Supreme Court permitted appellate review of a statutorily invalid reason for remand. In *Continental Casualty*, we recognized that appellate review also may be had where a district court has articulated statutorily valid reasons for remand yet has exceeded its authority in some other way. This principle has been applied

in various contexts. For example, in *Tramonte v. Chrysler Corp.*, 136 F.3d 1025 (5th Cir. 1998), the defendant asked the judge to recuse herself because a member of the judge's family was a potential class member. The judge denied the recusal motion and remanded the case for lack of subject matter jurisdiction. The defendant appealed, arguing that the judge lacked authority to enter the remand order because she was disqualified from handling the case under the federal recusal statute.[7] The Fifth Circuit agreed, explaining that, if the judge should have recused herself, any subsequent order must be vacated:

> Our vacatur of the remand order would therefore not constitute a review of the merits of that order, prohibited by 28 U.S.C. § 1447(d). Rather, we would be performing an essentially ministerial task of vacating an order that the district court had no authority to enter for reasons unrelated to the order of remand itself.

*Tramonte*, 136 F.3d at 1028. Similar reasoning has been relied upon in vacating remand orders entered by magistrate judges acting without the parties' consent. *See, e.g., Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517-19 (6th Cir. 2001) (holding that a remand order entered by a magistrate judge was beyond his statutory authority and concluding that review was proper because the court of appeals was not reviewing the merits of the remand order itself); *In re U.S. Healthcare*, 159 F.3d 142, 146-47 (3d Cir. 1998) (same). Thus, although §§ 1447(d), 1334(d), and 1452(b) preclude appellate review of the reasoning contained in many remand orders, they do not deprive appellate courts of jurisdiction to vacate a remand order issued in excess of a district court's statutory authority.

---

[7]  *See* 28 U.S.C. § 455(b)(5) (Any judge of the United States shall disqualify himself where "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s a party to the proceeding.").

In an earlier case we suggested that it would be within our appellate jurisdiction to vacate a remand order issued by a transferor court after the case has been transferred by the JPML. *See Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979) ("[T]he entry of the transfer order deprives the transferor court of jurisdiction until the case is returned to it, so that any action taken by the transferor court after transfer would be ineffective."). Today we make the principle underlying this observation explicit: When a district court exceeds its statutory authority by the very issuance of a remand order—as opposed to merely issuing a flawed remand order—it is within our appellate jurisdiction to review that court's exercise of authority and vacate the ineffective order, provided we can do so without reference to the contents of the remand order. In this case, we can review the contested exercise of authority without considering the reasoning in the district court's remand order. Accordingly, we do so here.

## B. Authority to Remand

We review de novo whether 28 U.S.C. § 1407, the multidistrict litigation statute, prohibits a district court from issuing a remand order in contravention of a potential transferee court's earlier jurisdictional ruling. *See Resolution Trust Corp. v. Gallagher*, 10 F.3d 416, 418 (7th Cir. 1993) (questions of statutory construction are subject to de novo review).

Section 1407 provides, in part:

> (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the

convenience of parties and witnesses and will promote the just and efficient conduct of such actions. . . .

(b) Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. . . .

28 U.S.C. § 1407. Under the rules of procedure adopted by the JPML, *see* 199 F.R.D. 425 (2001), upon learning of a potential tag-along action, an order "may be entered by the Clerk of the [JPML] transferring the action to the previously designated transferee district court." JPML Rule 7.4(a). "The Clerk of the [JPML] shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof." *Id.* If there is no opposition to the transfer in response to the conditional transfer order, the clerk of the JPML will transmit a final transfer order to the transferee court. *See* JPML Rule 7.4(d). "Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court." JPML Rule 7.4(e). The pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5.

In this case, the district court remanded after the JPML issued a conditional transfer order but before transmittal of a final transfer order to the previously designated transferee, Judge Cote in the Southern District of New York. Therefore, the transfer had not become effective and the conditional order did not "in any way limit the pretrial jurisdiction" of the district court. JPML Rules 1.5, 7.4(e). Under the JPML rules of procedure, the district court did not exceed its authority in issuing the remand order. At oral

argument, appellants acknowledged that they cannot prevail in this appeal without showing that JPML Rule 1.5 is invalid. They have attempted to do so by arguing that the rule conflicts with the text, structure, and purpose of § 1407.

Appellants' textual argument for invalidating Rule 1.5 is based on the language in the statute providing that "consolidated pretrial proceedings *shall* be conducted" by the transferee judge. 28 U.S.C. § 1407(b). Appellants contend that the word "shall" signals an obligation of the transferee court and deprives other courts of the authority to interfere with the transferee court's actions: "given the scope of the transferee court's authority over pretrial proceedings, it follows inevitably that once a transferee court has been designated, potential transferor courts—such as the district court below—do not enjoy the latitude to issue decisions contrary to the rulings of the transferee court." We disagree. Subsection (b) provides that the transferee judge shall conduct "consolidated pretrial proceedings," but subsection (a) states that actions must be "transferred," not merely designated, for "consolidated pretrial proceedings" to be conducted. Thus, though the statute identifies a duty of the transferee court *after* an action has been transferred, it does not suggest, even implicitly, that the authority of either court is affected *before* transfer by the mere designation of a transferee court. Consistent with this, Rule 1.5 states that the authority of the potential transferor court is not limited "in any way" prior to actual transfer. There is no textual conflict between § 1407 and Rule 1.5 that would support striking the latter or finding that the district court exceeded its authority in this case.

Appellants' structural argument for invalidating Rule 1.5 flows from their observation that § 1407, implicitly, and the rules, explicitly, contemplate tag-along actions that are brought to the JPML's attention for transfer after a multi-

district litigation has already been assigned to a transferee court. From this, appellants conclude that "the command that pretrial proceedings 'shall' be before the designated transferee court affects not only cases transferred, but also those waiting to be transferred." Appellants contend that the "contrary interpretation leads to absurd results because it would allow potential transferor courts to issue rulings discordant with those of the transferee court, which clearly undermines the stated purposes of the multidistrict litigation statute."

We find nothing absurd in district courts individually evaluating their own jurisdiction. Furthermore, Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance for inconsistency. As we have explained, 28 U.S.C. § 1447(d) bars appellate review of a remand order based on a district court's determination that it lacks subject matter jurisdiction. *See Baker v. Kingsley*, 387 F.3d 649, 653-54 (7th Cir. 2004). This creates a "one-bite- at-the-apple scheme," under which inconsistent jurisdictional decisions by district courts cannot be brought in line through the appellate process. *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 832 (7th Cir. 2003). Even clear errors in a district court's jurisdictional analysis may not be corrected by the courts of appeals if the district court *thought* that it lacked subject matter jurisdiction. *See Baker*, 387 F.3d at 655. Section 1447(d) makes clear that errors in favor of remand which yield inconsistent holdings on subject matter jurisdiction must be tolerated. *See id.* If the courts of appeals have no power to bring consistency to these remand orders, there is no reason why a sister district court, in a different circuit, should have this power. After a transfer takes place under § 1407, the transferee court has authority to issue consistent jurisdictional rulings in all of the transferred cases before it. Before the transfer is effective, however, the *potential* transferee court wields no such power over individual, unconsolidated cases.

Finally, appellants' statutory purpose argument for invalidating Rule 1.5 relies on § 1407's goal of centralizing civil litigation "involving one or more common questions of fact" that are "pending in different districts." 28 U.S.C. § 1407(a). The JPML is empowered to effectuate this goal by transferring pending actions upon determining that such transfers will be to the "convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* Appellants argue that the district court's order issued during the pendency of the transfer process undermines the purposes of the statute, namely, promotion of efficient litigation and avoidance of inconsistent contemporaneous rulings in like cases.

Undoubtably, efficiency and consistency are goals of § 1407. It does not follow from this premise, however, that any rule that limits efficiency or allows inconsistency conflicts with the statute and may not stand. As appellants acknowledge, among the statute's stated goals are the "convenience of parties and witnesses" and the "just . . . conduct of such actions." § 1407(a). To this end, the JPML rules provide for a conditional transfer period "in order to afford all parties the opportunity to oppose transfer." JPML Rule 7.4(a). Appellants do not, and cannot, suggest that the existence of this pre-transfer interim conflicts with the purposes of § 1407.

We need not decide if a district court ever exceeds its authority in acting during this period. We are satisfied, however, that it does not do so when it rules on its own jurisdiction. This, after all, is a fundamental obligation of all courts of limited jurisdiction. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Though some district courts stay proceedings during the interim following a conditional transfer order, *see, e.g., Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002), this is not required where the court concludes that it lacks subject matter

jurisdiction. We will not require a district court that believes that it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction. Rule 1.5, as applied in this case, does not conflict with the text, structure, or purpose of § 1407, and the district court did not exceed its authority in issuing a remand order.

### III.  Conclusion

The order of the district court is AFFIRMED.

A true Copy:

       Teste:

                            _____
                            ***Clerk of the United States Court of Appeals for the Seventh Circuit***