TACHA,
concurring.
I agree that § 1334(d) divests us of jurisdiction to consider the merits of the BAP’s order. I disagree, however, with the majority’s conclusion “that we have jurisdiction to consider the debtors’ argument that the BAP lacked the authority to apply § 1334(e)(1) in the first instance.”
Illinois Municipal Retirement Fund v. Citigroup, Inc. and Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co. are distinguishable in key respects that make their holdings inapplicable in this case. In Illinois Municipal Retirement Fund, the question was whether the district court exceeded its statutory authority by the “very issuance” of a particular order. 391 F.3d 844, 850 (7th Cir.2004). Specifically, the district court issued a remand order that contravened a potential transferee court’s earlier ruling that removal was proper. See id. at 847-48. In such a situation, the Seventh Circuit reasoned that it had appellate jurisdiction notwithstanding 28 U.S.C. § 1447(d)[1] to review whether the court’s order was prohibited by the multidistrict litigation statute, 28 U.S.C. § 1407. See *1218 id. at 850 (“When a district court exceeds its statutory authority by the very issuance of a remand order — as opposed to merely issuing a flawed remand order — it is within our appellate jurisdiction to review that court’s exercise of authority and vacate the ineffective order, provided we can do so without reference to the contents of the remand order.”)
In Ketton Arms Condominium Owners Association, the Ninth Circuit held that a court of appeals has jurisdiction to vacate a remand order notwithstanding 28 U.S.C. § 1447(d) only to the extent that the order itself is unauthorized by 28 U.S.C. § 1447(c). 346 F.3d 1190, 1193 (9th Cir.2003). The court reasoned that § 1447(d) only precludes review of decisions made “pursuant to” § 1447(c). Thus, if the order was made for a reason not provided by subsection (c), the order was not made “pursuant to” that subsection and subsection (d) would not divest the court of appeals of jurisdiction. See id. at 1191-92.
This case does not present analogous circumstances. There is no question that the BAP had the statutory authority to issue its order affirming the bankruptcy court. See 28 U.S.C. § 158(a), (b). Indeed, the debtors do not identify any statutory qualification of this authority. Rather, the debtors contend that the BAP is precluded from using a particular reason in support of the order affirming. This case, then, is unlike both Illinois Municipal Retirement Fund and Kelton Arms Condominium Owners Association, and I think it is an unwarranted extension of the principles highlighted in those cases — and perhaps a potentially confusing recitation of our jurisdiction — to hold that we may review the propriety of the BAP’s use of § 1334(c)(1) in its order.

. 28 U.S.C. § 1447(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in certain limited circumstances].”