# United States Court of Appeals

## For the First Circuit

No. 09-2083

IN RE: DAVID PAOLO,

Debtor.

_____

UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE),

Appellee,

v.

DAVID PAOLO,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before
Boudin, Gajarsa* and Thompson,
Circuit Judges.

James J. Lombardi III for appellant.
Ivan C. Dale, Tax Division, Department of Justice, with whom
John A. DiCicco, Acting Assistant Attorney General, Peter F.
Neronha, United States Attorney, and Bruce R. Ellisen, Tax
Division, Department of Justice, were on brief for appellee.

September 8, 2010

*Of the Federal Circuit, sitting by designation.

**BOUDIN**, **Circuit Judge**.  David Paolo appeals from a district court's decision to abstain from deciding his tax dispute with the government as an adjunct to his personal bankruptcy proceeding.  Paolo claims that Congress intended bankruptcy court to be an available forum to determine a debtor's tax liability even where the debtor's estate has no assets whose administration the tax issues might affect; the government argues otherwise.  We do not decide whether the district court has power to do what Paolo wants, concluding that the district court's decision to abstain from doing so is not reviewable.

In early 2008, the Internal Revenue Service proposed an assessment of tax penalties against Paolo for allowing more than $217,000 in employment taxes to go unpaid by his former company, Log on America, Inc.[1]  Paolo then filed for Chapter 7 bankruptcy, claiming $11,870 in exempt personal property and listing $682,812 in unsecured claims--including the disputed tax penalty.  The bankruptcy trustee found no assets available to satisfy creditors, so no claims were determined or distributions made.  Paolo was discharged of all non-exempt debts on October 6, 2008.

---

[1]Employment taxes withheld from employee paychecks are held in trust for the United States, 26 U.S.C. § 7501(a) (2006), and persons responsible for collecting or paying over the taxes who "willfully" fail to do so may be personally liable for the unpaid amounts, id. § 6672(a).  See Jean v. United States, 396 F.3d 449, 453-54 (1st Cir. 2005).

In the meantime, Paolo had filed an adversary proceeding in the bankruptcy court, which is the source of the present appeal. In it, Paolo argued that the tax penalty was improper for various reasons, including a claim that (despite being chief executive officer) he lacked authority to pay over the withholding taxes at his company. Paolo's complaint sought a determination of tax liability under section 505 of Title 11, which provides that

> the court [in bankruptcy proceedings] may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (2006).

Debts owed the government for unpaid withholding taxes are exempt from discharge in bankruptcy, see 11 U.S.C. §§ 507(a)(8)(C), 523(a)(1)(A), so the validity of the tax penalty remains a live issue. Paolo missed the initial ninety-day window of time to challenge the IRS's proposed assessment of penalties in Tax Court, see 26 U.S.C. § 6213(a), and so faced the requirement of prepayment and a delay before bringing a new federal court suit to challenge the penalty, see id. §§ 6532(a)(1), 7422(a). Resolution in the bankruptcy proceedings offered a route to bypass both requirements.

The government sought dismissal of, or abstention as to, the adversary proceeding. It argued--and this is uncontested--that

-3-

determining Paolo's liability for a non-dischargeable tax penalty would not affect the administration of his bankruptcy estate precisely because the estate had no assets to administer. Had the estate held any non-exempt assets, then settling liability for the non-dischargeable tax penalty could have reduced the funds available to distribute to other creditors, as the tax penalty would be paid out first. See 11 U.S.C. § 507(a)(8)(C) (priority of withholding tax debt).

Accordingly, the government asserted that section 505 did not apply in this case because Congress intended it only for situations where the tax determination would affect the bankruptcy estate. Further, even if section 505 could apply, the government's position was that hearing Paolo's tax dispute would exceed the jurisdictional limits of 28 U.S.C. § 1334 (2006), which requires that the proceeding be (at least) "related to" bankruptcy[2]--a status that the government disputes for Paolo's claim.

_____

[2]Proceedings are "related to" a Title 11 case within the meaning of 28 U.S.C. § 1334(b) if they have some potential effect on the bankruptcy estate. Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.), 410 F.3d 100, 105 (1st Cir. 2005). Section 1334(b) also confers jurisdiction over proceedings arising under Title 11 or arising in a Title 11 case. These latter categories are "core" proceedings, whereas those merely related to the bankruptcy are "non-core." 28 U.S.C. § 157(b)-(c). For further overview, see New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir. 2005); 1 Collier on Bankruptcy ¶ 3.01 (A. Resnick & H. Sommer, eds., 16th ed. 2010).

Alternatively the government argued that no "bankruptcy purpose" would be served by hearing a dispute about a non-dischargeable tax liability in a no-asset bankruptcy, so abstention "under 28 U.S.C. § 1334(c)" was appropriate. Section 1334 affords district courts wide discretion to decline to hear bankruptcy proceedings:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). The argument for abstention parallels the rationale for its jurisdictional claim--namely, that the administration of Paolo's bankruptcy estate would not in any way be affected by determining his tax liability.

Paolo has consistently countered with two "bankruptcy purposes" that he says would be advanced by hearing his claim: first, the general aim of bankruptcy law to afford a fresh start to the "honest but unfortunate debtor," Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934); and second, section 505's aim to speed resolution of debtor tax liability. Conversely, says Paolo, the government's approach would force him and similar debtors without assets to engage in new tax suits when they are least able to bear the costs of litigating in multiple courts.

The bankruptcy court refused to dismiss or abstain, but the government sought and was granted leave for an interlocutory appeal to the district court. The parties reprised their positions, with the government bolstering its argument for abstention by claiming that it would be prejudiced in various ways if forced to litigate the tax claim in bankruptcy court--for example, by its inability to implead other responsible persons from Log on America.

On July 23, 2009, the district court granted the government's appeal "with respect to the abstention issue," concluding that the "policy reasons underlying Section 505 are not applicable" to Paolo's no-asset bankruptcy. Accordingly, the district court held that the bankruptcy court should have exercised its discretion to abstain; the bankruptcy court in turn entered an order of abstention and closed the adversary proceeding.

Paolo now appeals, renewing the arguments he made in the district court, while the government offers--in addition to its prior positions--a new argument made possible by the district court's decision to abstain: it contends that this court lacks jurisdiction to hear an appeal of a discretionary decision to abstain and it relies on 28 U.S.C. § 1334(d), which pertinently says: "Any decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by

the court of appeals under section 158(d), 1291, or 1292 of this title."[3]

Whether the district court abstained "under subsection (c)" of section 1334 of Title 28, rather than section 505 of Title 11, see Cody, Inc. v. Cnty. of Orange (In re Cody, Inc.), 338 F.3d 89, 97 n.8 (2d Cir. 2003), might perhaps be debated, although it is hard to imagine that Congress' limit on appellate review would turn on such hairsplitting. In any event, the district court framed the government's position as requesting abstention "pursuant to 28 U.S.C. § 1334(c)(1)," we read its decision as granting abstention under that provision, and Paolo does not claim otherwise.

On this premise, the "not reviewable by appeal or otherwise" language of section 1334(d) reads directly on the district court's decision to order abstention. One might argue, although Paolo does not, that subsection (d) should not apply where the district court is acting in a quasi-appellate capacity vis-à-vis the bankruptcy judge; but subsection (d) draws no such distinction, accord Goradia v. O'Connor (In re O'Connor Int'l, Inc.), 174 F. App'x 209, 212 (5th Cir. 2006) (per curiam), and the

---

[3]Paolo's federal tax dispute implicates only discretionary abstention under section 1334(c)(1). The omitted text in the quotation refers to section 1334(c)(2), which makes abstention mandatory in limited circumstances involving state law; the current version of section 1334(d) permits appellate review only of refusals of mandatory abstention. See Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237, 248-49 (3d Cir. 2007).

power of the bankruptcy court to abstain at all ultimately derives from its status as a "unit" of the district court, 28 U.S.C. § 151. Cf. Fed. R. Bankr. P. 5011 Advisory Committee's note.

Even through we agree with the government's view that the order is not reviewable, the government urges us to decide whether the courts below themselves had jurisdiction to abstain. To do so might not amount to forbidden review of the merits of the abstention order, cf. Ill. Mun. Ret. Fund v. Citigroup, Inc., 391 F.3d 844, 848-49 (7th Cir. 2004), and in general both we and the district court have an obligation to notice true jurisdictional defects, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

But the rationale for considering jurisdiction before all else is to avoid exercising unauthorized judicial power, and that principle is not offended by dismissing on other non-merits grounds, like abstention. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999) (federal courts may "choose among threshold grounds for denying audience to a case on the merits"); see also New England Power, 292 F.3d at 66 n.1. The section 505 issue is one of some difficulty, and we decline to pursue it where as here nothing turns on it.

Accordingly, we dismiss the appeal as barred by section 1334(d).

So ordered.