**In re MEDICAL EDUCATIONAL & HEALTH SERVICES, INC., Debtor(s).**

**Sistemas Integrados de Salud del Suroeste, Inc.; Mayaguez Medical Center Dr. Ramon Emeterio Betances, Inc., Appellant(s),**

v.

**Medical Educational & Health Services, Inc., Appellee(s),**

**U.S. Trustee.**

**Civil No. 11–1330 (DRD).
Bankruptcy No. 10–04905 (BKT).
Adversary No. 10–202.**

United States District Court,
D. Puerto Rico.

March 31, 2012.

---

1. For easy reference, Westlaw citations for the bankruptcy court's *Opinion and Order* of February 10, 2011 is 2011 WL 499010, and

Jorge I. Peirats, Margarita L. Mercado–Echegaray, Pietrantoni Mendez & Alvarez, San Juan, PR, for Appellants.

Rafael Gonzalez–Velez, Gonzalez Velez Law Office, San Juan, PR, for Appellee.

Monsita Lecaroz–Arribas, U.S. Trustee Office, San Juan, PR, for Trustee.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is an appeal filed by Sistemas Integrados de Salud del Suroeste, Inc. (hereinafter "SISSO"), and the Mayagüez Medical Center Dr. Ramón Emeterio Betances, Inc. (hereinafter "MMC" or collectively the "Appellants"), against the debtor-appellee Medical Educational & Health Services, Inc. (hereinafter "MEDHS"). The Appellants challenge the decision of the bankruptcy court in its *Opinion and Order* of March 4, 2011, and *Judgment* of March 7, 2011, Adv. Proc. No. 10–202(BKT), Docket entries No. 35 and 37, wherein the bankruptcy court abstained from entertaining a removed proceeding under the provision of mandatory abstention, and remanded the case to the state court, Adv. Proc. No. 10–202(BKT), Docket No. 28.[1] For the reasons set forth below, this matter is remanded to the bankruptcy court for further proceedings.

## Jurisdiction

This Court has jurisdiction to entertain the appeal referred from the bankruptcy court under 28 U.S.C. § 158(a)(1).

the *Opinion and Order* of March 4, 2011 is 2011 WL 779842.

## Standard of Review

■ On bankruptcy appeals, the district court reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)* 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995). "Under an abuse of discretion standard, a reviewing court cannot reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment' in the conclusion it reached upon a weighing of the relevant factors." *Taylor v. Hosseinpour–Esfahani,* 198 B.R. 574, 577 (9th Cir. BAP 1996), citing *Marchand v. Mercy Medical Ctr.,* 22 F.3d 933, 936 (9th Cir.1994). "Evidentiary rulings by the bankruptcy court are subject to the 'abuse of discretion' standard." *Williamson v. Busconi,* 87 F.3d 602, 603, n. 4 (1st Cir.1996), citing *United States v. Cotto–Aponte,* 30 F.3d 4, 6 (1st Cir.1994).

"The standard of review on this appeal requires that we respect, unless 'clearly erroneous,' all findings of fact by the bankruptcy court, which includes any finding of actual reliance and any raw fact findings pertinent to the issue of justifiable reliance. *Brandt v. Repco Printers & Lithographics, Inc.,* 132 F.3d 104, 107–08 (1st Cir.1997)." *In re Spadoni,* 316 F.3d 56, 58 (1st Cir.2003). "A court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard . . . to the opportunity of the bankruptcy court to judge the credibility of the witnesses.' (Citations omitted)." *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997).

"A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.' " *Palmacci,* 121 F.3d at 785, citing *Anderson v. City of Bessem-er City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Deference to the bankruptcy court's factual findings is particularly appropriate on the intent issue '[b]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor.' " *Id.* citing *In re Burgess,* 955 F.2d 134, 137 (1st Cir.1992). "Particular deference is also due to the trial court's findings that depend on the credibility of other witnesses and on the weight to be accorded to such testimony." *Id.* citing Fed.R.Bank.R. 8013; *Keller v. United States,* 38 F.3d 16, 25 (1st Cir.1994).

■ When an appellant asks the district court to review the bankruptcy court's decision on mandatory abstention and remanding case to the state court, the district court will follow the standard followed by the United States Court of Appeals for the First Circuit (hereinafter the "First Circuit"), that is, *de novo* review, simply because the district court's decision on mandatory abstention may not be reviewable under 28 U.S.C. § 1334(d). *See In re David Paolo,* 619 F.3d 100 (1st Cir. 2010); *In re Cathedral of the Incarnation in the Diocese of Long Island,* 90 F.3d 28, 34 (2d Cir.1996). *See also* Hon. Nancy C. Dreher and Hon. Joan N. Feeney, *Bankruptcy Law Manual* § 2:20, pp. 167–168, Fifth Edition 2011 (hereinafter "Bankruptcy Law Manual"). A remand order based on equitable ground, whether it is to remand or not to remand, "is not reviewable by the court of appeals or the Supreme Court." *See Bankruptcy Law Manual* § 2:15 (5th ed.).

Lastly, when the parties do not contest the findings of fact made by the bankruptcy court, the appeals court will not disturb them. *In re Joelson,* 427 F.3d 700, 702 (10th Cir.2005) ("Because the parties do not specifically contest the bankruptcy court's findings of fact, the court will not

disturb this ruling on appeal"), citing *Jenkins v. Hodes (In re Hodes)*, 287 B.R. 561, 570 (D.Kan.2002), *aff'd*, 402 F.3d 1005 (10th Cir.2005).

### Issues

The main issues before the Court are: (a) whether the bankruptcy court erred in exercising its discretionary power and abstaining under the mandatory abstention provision, 28 U.S.C. § 1334(c)(2); (b) whether the *res judicata* doctrine bars a party from relitigating an issue in the state court that has already been litigated and decided in the bankruptcy court. Although the parties included a total of 31 alleged errors by the bankruptcy court, this Court will only review the issues of mandatory abstention, and the non-applicability of the *res judicata* doctrine to the instant case, which are dispositive of this appeal.

### Factual and Procedural Background

On June 3, 2010, debtor Medical Educational & Health Services, Inc. ("MEDHS") filed for voluntary relief under Chapter 11 of the Bankruptcy Code, Bankruptcy No. 10–04905(BKT). This case is directly intertwined with another bankruptcy petition filed by Mayagüez Advanced Radiotherapy Center, Inc. ("MARC"), Bankruptcy No. 09–04540(BKT), which was filed on June 2, 2009. The Court notes that, as of this date, no plan has been confirmed in either case.

It is important to make reference to the Adv. Proc. No. 10–159(BKT) filed under Bankruptcy No. 09–04540(BKT), which is directly intertwined with the appeal now before this Court, and it is most helpful to understand the procedural background of Adv. Proc. No. 10–202(BKT). The record

shows that Adv. Proc. No. 10–159(BKT) was filed on September 29, 2010, and it was dismissed on November 9, 2010. *See* Adv. Proc. No. 10–159(BKT), Docket entries No. 22, 26. On December 3, 2010, the bankruptcy court denied plaintiff's motion for reconsideration, and reaffirmed that the Adv. Proc. No. 10–159(BKT), remained dismissed. *See* Adv. Proc. No. 10–159(BKT), Docket No. 29. Although a judgment has not been entered, the record of the bankruptcy court shows that, on December 14, 2010, plaintiff filed a notice of appeal and elected to proceed with the appeal before the district court. *See* Adv. Proc. No. 159(BKT), Docket entries No. 31 and 32. Plaintiff's appeal of Adv. Proc. No. 10–159(BKT) was transmitted to the district court, and the appeal was docketed under Civil No. 11–1144(ADC).[2]

Coincidentally, after Adv. Proc. No. 10–159(BKT) was dismissed on November 9, 2010, debtor MEDHS, in representation of its tenant MARC, filed a state court action on November 30, 2010, against SISSO and MMC, seeking a possessory injunction under 32 L.P.R.A. § 3561, Civil No. ISCI2010 01833(207). On December 15, 2010, SISSO and MMC timely removed the state action to the bankruptcy court under 28 U.S.C. § 1452(b) and Bankruptcy Rule 9027. Appellants SISSO and MMC allege that there is a valid lease agreement between MMC and MARC, which alleges that "pursuant to a valid lease agreement, MARC leased the radio-oncology laboratory located at the Ramón Emeterio Betances Hospital from Plaintiff [MEDHS]." *See Verified Notice of Removal*, Adv. Proc. No. 10–202(BKT), Docket No. 1. "The lease agreement upon which Plaintiff grounds its claim of possessory rights is

---

**2.** The Court notes that, on March 30, 2012, the district court affirmed the bankruptcy court decision, and dismissed the appeal filed under Civil No. 11–1144(ADC). *See Opinion* *and Order, and Judgment* of March 30, 2012, Civil No. 11–1144(ADC), Docket entries No. 25, 26.

the main asset of MARC's Chapter 11 bankruptcy case and estate." *Id.*

On February 10, 2011, the bankruptcy court entered an *Opinion and Order,* Adv. Proc. No. 10–202(BKT), remanding the case to the state court on the grounds of mandatory abstention. *See* Civil No. 1330(DRD), Docket No. 2–1, pp. 1–6. On March 4, 2011, the bankruptcy court entered an *Opinion and Order* denying the defendants SISSO's and MMC's motion for reconsideration. *See* Civil No. 11–1330(DRD), Docket No. 2–1, pp. 7–10. The bankruptcy court record shows that *Judgment* was entered on March 7, 2011 on Adv. Proc. No. 10–202(BKT), Docket No. 37.

On April 11, 2011, the bankruptcy court transmitted the appeal to the district court. The appeal was docketed under Civil No. 11–1330(DRD), and was referred to the undersigned. The parties have filed the corresponding briefs, and the Court deems the instant appeal submitted.

The Court wishes to clarify the record on appeal as to the fact that the lease agreement executed by MEDHS and MARC on September 2, 2009, is not part of the record on appeal nor in the Adv. Proc. No. 10–202(BKT). The Court entered an *Order* on March 20, 2012, Civil No. 11–1330(DRD), Docket No. 10, directing the parties to file copies of all contracts related to the lease agreement(s) entered into with MEDHS, SIS SO, MARC, MMC, and any other related party who has an interest in the alleged lease agreement(s) and premises subject to this appeal. The parties timely complied with the *Order* of the Court. *See* Civil No. 11–1330(DRD), Docket entries No. 11 and 12. The Court, however, wishes to state that it will not consider the content of any of the documents filed with the Court, as they are not part of the bankruptcy court record nor the record on appeal. It is, however, diffi-

cult to decide issues related to an alleged breach of contract, particularly, an abstention matter which may be relevant to the debtors' reorganizations, without having the benefit of having reviewed the contract(s) in question which are part of the debtors' estates. The Court finds, however, that the bankruptcy court is in a better position to consider the terms and conditions of all the contracts filed by the parties, and to consider whether mandatory abstention is still appropriate.

### Applicable Law and Discussion

The parties have moved the Court to review the decision of the bankruptcy court only as to the conclusions of law in which the bankruptcy court grounded its decision. Hence, the Court will not disturb any findings of fact made by the bankruptcy court.

As stated above, the core of this appeal is whether the bankruptcy court erred by abstaining under the mandatory provision, 28 U.S.C. § 1334(c)(2), and remanding the case to the state court.

### A. Mandatory Abstention.

The United States Code, 28 U.S.C. § 1334, governs the jurisdiction of the district courts in bankruptcy cases. Section 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 1334(c)(1) provides for permissive or discretionary abstention on a particular proceeding arising under title 11 or arising in or related to a case under title 11." Section 1334(c)(2) provides for mandatory abstention when "a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district

court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Lastly, section 1334(d) provides that an abstention decision grounded on mandatory abstention, 28 U.S.C. § 1334(c)(2), is limited only as to the district court, as it is not reviewable by the court of appeals or the Supreme Court of the United States. *See In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 67 (1st Cir.2002) (Lynch, J.) ("The court of appeals' jurisdiction to review a decision of mandatory abstention is thus, at best, limited").

In *Middlesex, supra,* the First Circuit made a thorough analysis of the several factors to be considered by the court when making a determination on abstention regardless of whether it is permissive or whether it is mandatory abstention. The first step will be to determine whether a proceeding "arise under" or "arise in" as opposed to "related to" a title 11 case. In *Middlesex,* the Court states that "[t]he dividing line is unclear between proceedings that 'arise under' as opposed to 'arise in' and as opposed to 'relate to' title 11." 292 F.3d at 68. "The statute itself provided no definitions." *Id.* "By contrast, this court has defined 'related to' proceedings as proceedings which 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, **or otherwise have an impact upon the handling and administration of the bankrupt estate,'**" (citations omitted). 292 F.3d at 68.

■ Under permissive abstention, however, the courts have a broader discretion

from hearing state law claims "whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' " *See Middlesex,* 292 F.3d at 69. The Court finds important the analysis made by the Court in *Middlesex* as to mandatory abstention as opposed to permissive abstention in note 6: "Alternatively, if the proceeding were 'related to' but *not* 'arising under' title 11 or 'arising in' a case under title 11, and thus subject to mandatory abstention, then the outcome from a practical point of view would be the same." *See Middlesex,* 292 F.3d at 68, n. 6.

■ In sum, the decision of mandatory abstention is appropriate if the following factors are met: "(1) the motion [to abstain] is timely filed; (2) the proceeding is 'based upon a State law claim or State law cause of action;' (3) the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core); (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the State law claim or cause of action is the subject of 'an action [that] is commenced ... in a State forum of appropriate jurisdiction;' and (6) the State court action 'can be timely adjudicated.' " 28 U.S.C. § 1334(c)(2). *See Bankruptcy Law Manual* § 2:15 (5th ed.), n. 57, citing *In re Kmart Corp.,* 307 B.R. 586, 590–91 (Bankr.E.D.Mich.2004) (the bankruptcy court must abstain from exercising jurisdiction in a removed case under 28 U.S.C. § 1452(a),[3] if the factors provided by 28 U.S.C. § 1334(c)(2) are met).

**3.** 28 U.S.C. § 1452 provides:
(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable

■ In the instant case, the Court finds that any issue that involves a current lease agreement which is part of MEDHS' estate, as well as MARC's is a "related to" proceeding, as it may affect the administration of the estate. *See Middlesex,* 292 F.3d at 68.

In order to determine whether the decision to abstain under the mandatory abstention provision, the court must make at least one more analysis, that is, to determine whether the removed proceeding is a core or non core proceeding.

## B. Core v. Non Core Proceedings.

■ Core and non core proceedings are governed by 28 U.S.C. § 157. Under section 157(b)(1) the bankruptcy court, upon referral from the district court, "has full statutory authority to 'hear and determine ... all core proceedings....'" *In re Arnold Print Works, Inc.,* (Selya, J.), 815 F.2d 165, 166–167 (1st Cir.1987).

Section 157(b)(2) provides a non-exhaustive list of core proceedings: "(A) matters concerning the administration of the estate; ... (L) confirmations of plans; ... (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship except personal injury tort or wrongful death claims...."

■ Section 157(b)(3) provides that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely

motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." **"A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."** (Emphasis ours). *Id.*

Section 157(b)(4) provides that "[n]oncore proceedings under section 157(b)(2)(B) [4] of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)."

In *Arnold,* the issue was whether the bankruptcy court was "statutorily authorized to hear and determine 'core' proceedings, 28 U.S.C. § 157(b) (1982 ed., Supp. III), may adjudicate a state law claim arising from a contract" that was entered into postpetition. 815 F.2d at 165–166. The Court held, "[i]n our view, the matter of timing and the relation to judicial administration of the bankrupt's estate make a critical constitutional difference between *Marathon* [*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ], and the present case." *Id.* The Court in *Arnold* further held that if the postpetition action is "brought as part of efforts to liquidate the estate, is a 'core' proceeding that the bankruptcy court has the constitutional power to decide." 815 F.2d at 165–166.

ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

**4.** 28 U.S.C. § 157(b)(2)(B) provides:

Allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under Chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

In the instant case, the lease agreement executed by MEDHS and MARC is a prepetition contract, if considered under the bankruptcy petition filed by MEDHS, Bankruptcy No. 10–04905(BKT), and it is a postpetition contract if considered under the bankruptcy petition filed by MARC, Bankruptcy No. 09–04540(BKT). The Court further finds that MEDHS' claim against SISSO and MMC for breach of the lease agreement is, in a nutshell, a postpetition action based upon a breach of a prepetition contract.

Both debtors, that is, MEDHS and MARC, claim that the lease agreement that currently exists between MEDHS and MARC is the debtors' principal asset of both estates. Hence, the Court finds that the removed state court proceeding, subject of the instant appeal, is a core proceeding, as it directly affects the administration of both MEDHS' and MARC's estates, even assuming *arguendo* that the lease agreement is governed by state law. "**Finally, the fact that a claim in a bankruptcy matter raises issues of state, rather than federal law, does not by itself determine that it is non-core, rather than core.**" (Emphasis ours). *Arnold,* 815 F.2d at 169.

Furthermore, the bankruptcy court records show that a plan is yet to be confirmed in both cases. Hence, any related matter that may affect the administration of the debtor's estate and/or the confirmations of the plans, are core proceedings. 28 U.S.C. § 157(b)(2)(A), (L) and (O).

### C. Was mandatory abstention appropriate?

It is settled that the bankruptcy judge has a broad discretionary power when considering an issue of abstention. The bankruptcy court's decision will be based on several statutory factors that should be met at a minimum based on the court's discretion. This Court will only review whether the decision to abstain under the mandatory abstention provision, 28 U.S.C. § 1334(c)(2) is appropriate at this stage of the proceedings.

The bankruptcy court held in its *Opinion and Order* of February 10, 2011 that "[t]he present action is a non-core proceeding that stems from Commonwealth law, lacks a federal jurisdictional basis outside of bankruptcy, and in the absence of bankruptcy, could be timely resolved in the state court where it was commenced." *See* Civil No. 11–1330(DRD), Docket No. 2–1, p. 5. "Having found that all of the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2) apply to the present controversy, this Court remands the lawsuit to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayagüez."

This Court further finds, that even assuming *arguendo,* that the statutory factors of 28 U.S.C. § 1334(c)(2) are met, other factors may also be considered, such as, whether a motion to abstain was timely filed; whether the proceeding is based on State law claim; whether the removed claim is related to a bankruptcy case or is a non-core proceeding; whether the only basis for federal jurisdiction is the pending bankruptcy case; whether the removed action is the subject of an action commenced in a state court; and, whether the removed action may be timely adjudicated in a state court. *See Infra* pages 7–9.

As stated above, the statutory factors of 28 U.S.C. § 1334(c)(2) to be met are: (a) the proceeding is "based upon a State law claim or State law cause of action;" (2) it is "related to a case under title 11, but not arising under title 11 or arising in a case under title 11;" (3) it is an "action that could not have been commenced absent

jurisdiction under this section;" and, (4) if the proceeding has been initiated in the state court and can be timely adjudicated in the state court of appropriate jurisdiction.

 In the instant case, the Court finds that the lease agreement subject of this appeal may be governed by State law;[5] the removed proceeding is related to a case under title 11; it is also a core proceeding, as both MEDHS and its tenant MARC, who are both debtors in bankruptcy, allege that the lease agreement constitutes the main asset of their respective estates. Hence, the removed proceeding is a core proceeding as it may potentially affect the administration of both MEDHS's and MARC's estates, the confirmations of their plans, and any liquidation of the debtors' assets. Moreover, the removed proceeding was commenced in a state court, and may be timely adjudicated in a state forum. However, the bankruptcy court is best fit to determine whether MEDHS's reorganization and creditors will be prejudiced by the delay that may be caused by remanding this matter to the state court to be adjudicated.

After examining whether the statutory factors that most be met in to warrant a decision of mandatory abstention, the Court finds that the end result is that the bankruptcy court's decision to mandatory abstain for entertaining the removed proceeding was inappropriate at this stage of the proceedings.

Lastly, the Court noted that jurisdiction nor abstention was the issue in the Adv. Proc. No. 10–159(BKT). In that proceeding, MARC moved the bankruptcy court for an injunctive relief against MMC for breach of the terms and conditions of the lease agreement currently existing between MEDHS and MARC. The case was dismissed by the bankruptcy judge for failure to meet with the requirements of the injunctive relief, and for plaintiff's failure to present any evidence as to an alleged oral contract or a written contract regarding the alleged breach of the lease agreement entered into by MEDHS and MARC. *See Opinion and Order* of December 3, 2010, entered by the bankruptcy court in Adv. Proc. No. 10–159(BKT), Civil No. 11–1330(DRD), Docket No. 2–2, pp. 89–90.

The Court notes that, on November 9, 2010, the bankruptcy court dismissed the Adv. Proc. No. 10–159(BKT). Thereafter, as soon as November 30, 2010, MEDHS' counsel filed a similar action in state court, which stems from the same lease agreement object of the Adv. Proc. No. 10–159(BKT), and alleging identical causes of action.

## D. *Res Judicata.*

 It is well settled that a court decision does not constitute *res judicata* until the appeal process is final and unappealable. In the instant case, the bankruptcy court decision entered on Adv. Proc. No. 10–202, is not yet final and unappealable. In *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 69 (1st Cir.2008), the Court set forth the threshold of the doctrine of *res judicata* when used as a defense under Puerto Rico law. The party to use the *res judicata* defense "must make the a threefold showing: (i) the existence of a prior judgment on the merits that is 'final and unappealable;' (ii) a perfect identity of thing or cause between both actions; *and* (iii) a perfect identity of the parties and the capacities in

**5.** As stated above, this Court cannot take into consideration of the content of the contracts furnished by the parties, as said contracts are not part of the bankruptcy record nor the record on appeal.

which they acted." 544 F.3d at 69, citing 31 L.P.R.A. § 3343.

The principles of *res judicata* in federal law are identical. In *Muñoz Rivera, et al. v. Walgreens Co., et al.*, 428 F.Supp.2d 11, 19 (D.P.R.2006), the Court held that "even if claims were grounded strictly under Puerto Rico law, nonetheless preclusion includes 'claims that were raised or could have been raised.'" The Court further held:

> **It is well settled law that the doctrines of res judicata and collateral estoppel under both federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered.** *Báez–Cruz v. Municipality of Comerío,* 140 F.3d 24 (1st Cir.1998); *Apparel Art International, Inc. v. Amertex Enterprises Ltd.,* 48 F.3d 576 (1st Cir.1995), quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). **The First Circuit has also indicated that "res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well."** *Westcott Const. v. Firemen's Fund of New Jersey,* 996 F.2d 14, 16 (1st Cir.1993)(quoting *Griffin v. State of R.I.,* 760 F.2d 359, 360 (1st Cir.1985)) (emphasis added). **In fact, even if the claims were grounded strictly under Puerto Rico law, nonetheless preclusion includes "claims that were raised or could have been raised."** *Colón Padilla v. San Patricio Corp.,* 81 D.P.R. 242, 264, 1959 WL 13595 (1959); *Pérez v. A.F.F.,* 87 D.P.R. 118, 1963 WL 15028 (1963). **"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation."** *United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (emphasis added). Pursuant to federal law, at least three elements must be present in order for a claim to be barred as a result of a judgment in a prior action, to wit, 1) there must have been a final judgment on the merits; 2) the prior action must have involved the same parties or their privies; and 3) the prior action must have involved the same claim. 18 *Moore's Federal Practice and Procedure,* § 131.01 (Matthew Bender 3d ed.). However, several courts have added a fourth prong to the test, whether the judgment entered in the prior action was entered by a court of competent jurisdiction. *Id.* (Emphasis ours).

*See also In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir.2003). In *Colonial Mortgage,* the Court held:

> Federal law determines whether an earlier judgment, rendered in federal court, [the issue of federal law in the case at bar stems from a federal court judgment] bars the maintenance of a subsequent federal court action. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 37 (1st Cir.1998). **Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."** *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Thus, the elements of res judicata defense are (1) a final judgment on the merits in an earli-

er proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, (3) sufficient identicality between the parties in the two actions. *González v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir.1994). (Emphasis ours).

██ In the instant case, the doctrine of *res judicata* does not apply to the removed action, at this stage of the proceedings, simply because: (a) the bankruptcy court opinion entered on Adv. Proc. No. 10–202(BKT) is not yet final and unappealable; and (b) the district court opinion entered on March 30, 2012, in Civil No. 11–1144(ADC), is not final and unappealable.[6] Hence, the doctrine of *res judicata* is inapplicable at this stage of the proceedings assuming *arguendo* that the remand of the removed action to state court, is proper. But the Court finds that the remand is inappropriate at this stage of the proceedings, by finding that the removed action is a core proceeding, as the contract(s) in question may be directly related to the administration of the estate.

As stated above, the Court finds that the bankruptcy court, under the able tutelage of the Puerto Rico bankruptcy judge, is better fit to entertain a "core proceeding" that may be related to the administration of the estate, even if it is a contract governed by Puerto Rico law. By entertaining the alleged contractual breach between MEDHS in representation of MARC, and SISSO and MMC, the bankruptcy court will be effectively prioritizing debtors' reorganization, as opposed to remanding this matter to the state courts, and "staying" debtors' reorganization, which may have a prejudicial effect on both the debtors and creditors. *See Middlesex*, 292 F.3d 61,

*Arnold*, 815 F.2d 165. This district court strongly is of the opinion that the federal bankruptcy judge will be able to interpret the contract more efficiently than remanding the case to the state court for an undetermined period of time, involving a potential appeal to the Puerto Rico State Court of Appeals and the Puerto Rico Supreme Court. After all the matter constitutes a "core proceeding."

## Conclusion

For the reasons set forth above, the Court finds that the bankruptcy court should not abstain from entertaining the removed action filed by MEDHS against SISSO and MMC, as the lease agreement subject of the removed action constitutes debtors, MARC's and MEDHS' main asset of their estates. Furthermore, the requirements that may warrant a mandatory abstention are not met in the instant case. Hence, a remand to the state court is not warranted at this stage of the proceedings.

In view of the foregoing, this matter is remanded to the bankruptcy court for further proceedings consistent with this *Opinion and Order*. Judgment will be entered accordingly.

IT IS SO ORDERED.

---

6. The Court notes that until the bankruptcy court reviews the terms and conditions set forth in the contract(s) in question, the district court is in no position to make a determination as to whether the parties or their privies are precluded from "relitigating issues that were or could have been raised in that action." *Colonial Mortgage*, 324 F.3d at 16.